Tammy RICHARDS, Plaintiff
and Appellant,

v.

Eldon LENZ and West River Mental
Health Center, Defendants and
Appellees.

Edward A. RICHARDS, Plaintiff
and Appellant,

v.

Eldon LENZ and West River Mental
Health Center, Defendants and
Appellees.

Nos. 18783, 18784, 18849 and 18855.

Supreme Court of South Dakota.

Argued Jan. 9, 1995.

Decided Oct. 18, 1995.

Rehearing Denied Nov. 27, 1995.

Steven C. Beardsley and Mary A. Gubbrud of Lynn, Jackson, Shultz & Lebrun, P.C., Rapid City, for plaintiffs and appellants.

Robert L. Lewis of Costello, Porter, Hill, Heisterkamp & Bushnell, Rapid City, for defendant and appellee Eldon Lenz.

J. Crisman Palmer and Talbot Wieczorek of Gunderson, Palmer, Goodsell & Nelson, Rapid City, for defendant and appellee West River Mental Health Center.

LEE D. ANDERSON, Circuit Judge.

In this consolidated appeal, we hold that the trial court erred in granting a motion to dismiss by defendant, West River Mental Health Center and in granting a motion for summary judgment in favor of defendant, Eldon Lenz. Thus, we reverse and remand for trial.

FACTS AND PROCEDURAL HISTORY

In October 1987 Edward and Tammy Richards (Richards) approached West River Mental Health Center (WRMH) seeking marriage counseling. WRMH assigned Eldon Lenz (Lenz), a licensed psychologist who worked at WRMH to provide counseling services for the Richards. The counseling included joint and individual sessions.

Shortly after beginning therapy, Tammy Richards and Lenz began a personal, romantic relationship, although not a sexually physical relationship. Tammy would meet with Lenz outside his office both at home and at a public restaurant. Lenz was aware that Tammy was experiencing transference * and

---

* The Richards cite a discussion of transference from *Simmons v. United States*, 805 F.2d 1363, 1365 (9th Cir.1986) where the court stated in part, "[A]s therapy develops ... the client comes

that it was inappropriate to continue his personal relationship with her. Lenz also knew that his involvement with Tammy would be detrimental to the Richards' marriage. Lenz discussed with Tammy that he could not have a personal, physical relationship while she was his patient. Lenz left WRMH in September 1988 and began an independent counseling practice on his own. The Richards continued counseling with Lenz at his private practice.

In August 1989 Edward stopped seeing Lenz for therapy because Edward felt Lenz's relationship with Tammy was improper. Tammy stopped seeing Lenz professionally in July 1989, but continued to meet with him out of his office. Lenz moved to Indiana in August 1990 and Tammy continued to talk on the telephone with Lenz while he lived in Indiana. Lenz met personally with Tammy when he visited Spearfish in the summer of 1991, and in Rapid City in January 1992. During these meetings, Lenz and Tammy continued to discuss personal issues and problems and they would discuss their personal feelings for each other. Tammy's feelings for Lenz did not change after he moved.

During 1990 and 1991 Edward and Tammy were still pursuing marriage counseling with WRMH through other counselors. Although these counselors were aware of Tammy's relationship with Lenz, neither counselor confronted the relationship nor informed the Richards of the detrimental effect it might be having on their marriage. Tammy finally terminated all contact with Lenz in April 1992.

Edward served a summons and complaint against the defendants on or about April 15, 1992. Tammy filed a summons and complaint against the defendants with service in April 1993. After some discovery was completed WRMH moved to dismiss and Lenz moved for summary judgment. Both motions were presented on the grounds that the two-year statute of limitations in the matter had run prior to the completed service of the summons and complaints against the defendants. Shortly after the filing of the motion to dismiss, the Richards moved to file their second amended complaints. There is no record of any hearing being held on this motion to file second amended complaints, nor any ruling by the trial court on said motion. The second amended complaints contained eight counts, including the causes of action alleging negligence, misrepresentation or fraud, and breach of contract.

The trial court issued a lengthy letter decision which granted WRMH's motion to dismiss and Lenz's motion for summary judgment. In the written decision, reference was made to the allegations in Richards' second amended complaints. Therefore, it appears that the trial court was considering all of the causes of action in the second amended complaints when ruling on the motions to dismiss and for summary judgment. Approximately six months later the trial judge filed a lengthy written decision ruling on both the motion to dismiss and the motion for summary judgment filed by Lenz.

## ISSUE I

**WHETHER THE TRIAL COURT IMPROPERLY TREATED WRMH'S MOTION TO DISMISS AS A MOTION FOR SUMMARY JUDGMENT.**

 A motion to dismiss tests the legal sufficiency of the pleading; for purposes of the pleading, the court must treat as true all facts properly plead in the complaint. SDCL 15–6–12(b)(5); *Johnson v. Kreiser's, Inc.*, 433 N.W.2d 225, 226 (S.D.1988). Pleadings should not be dismissed merely because the court entertains doubts as to whether the pleader will prevail in the action as this is a matter of proof, not pleadings. *Janklow v. Viking Press*, 378 N.W.2d 875, 877 (S.D. 1985).

 In this case, the trial court's written decision does not indicate that the trial court considered the legal sufficiency of the Richards' pleadings with respect to the various causes of action in deciding the motion to dismiss. Rather, the trial court focused on WRMH's duty to disclose its knowledge of

to ... regard the therapist as a child might regard the parent.... And, so what happens when therapy is working ... is that this transference relationship grows so that the client comes to experience the therapist as a powerful, benevolent parent figure."

Lenz's activities. Specifically the trial court stated, "[T]here could be no fraudulent concealment of a legal act to which the plaintiff was a participant in and had full knowledge of as evidenced by her own testimony." Our review of the second amended complaints reveals that the Richards have each plead legally sufficient causes of action for negligence, misrepresentation, and breach of contract. On the basis of the sufficiency of the pleadings, the trial court should not have granted WRMH's motion to dismiss.

■ Further, the trial court's written decision indicates that it considered matters outside of the pleadings, including the deposition testimony of Tammy, in ruling on the motion to dismiss. As we expressed in *Norwest Bank Black Hills v. Rapid City Teachers Federal Credit Union*, 433 N.W.2d 560, 562 (S.D.1988):

> Under SDCL 15–6–12(b)(5), where one moves to dismiss for failure to state a claim and "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in § 15–6–56, and *all parties shall be given the reasonable opportunity to present all material made pertinent to such a motion by § 15–6–56*."

*See also, Jensen Ranch, Inc. v. Marsden*, 440 N.W.2d 762, 764 (S.D.1989); *In re P.A.M.*, 505 N.W.2d 395, 396 & n. 1 (S.D.1993); *Wasserburger v. Consolidated Management Corp.*, 459 N.W.2d 561, 565 (S.D.1990).

Here the trial court made extensive reference to testimony taken from Tammy's deposition, including her diary which was admitted as an exhibit as part of that deposition. The record clearly shows that the trial court did not advise or notify the parties of its intent to convert the motion to dismiss into one for summary judgment, although such notice is mandatory. *Id.* The reason for this rule has previously been stated by Wright & Miller:

> It is important that the court give the parties notice of the changed status of the motion and a 'reasonable opportunity to present all material made pertinent to such a motion by rule 56.' In this way no one will be taken by surprise by the conver-

sion. Once the proceeding becomes one for summary judgment, the moving parties' burden changes and he is obliged to demonstrate that there exists no genuine issue as to a material fact and that he is entitled a judgment as a matter of law.

*Norwest*, 433 N.W.2d at 562 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1366 (1969) (footnotes omitted)). Since the trial court failed to follow these mandatory steps, we hold it erred in treating the motion to dismiss of WRMH as one for summary judgment and in granting the motion.

## ISSUE II

WHETHER THE TRIAL COURT ERRED IN HOLDING THAT THE TWO–YEAR STATUTE OF LIMITATION FOR MEDICAL MALPRACTICE GOVERNED THE RICHARDS' CAUSES OF ACTION AND GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT LENZ.

■ The pertinent summary judgment principles are well settled and were summarized in *Morgan v. Baldwin*, 450 N.W.2d 783, 785 (S.D.1990):

> The party moving for summary judgment has the burden to show that here is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. SDCL 15–6–56(c). The evidence, including all pleadings, affidavits and deposition testimony, must be viewed in the light most favorable to the non-moving party, and reasonable doubts should be resolved against the moving party. All reasonable inferences that may be drawn from the facts must be accepted in favor of the non-moving party. *Groseth International, Inc. v. Tenneco, Inc.*, 410 N.W.2d 159 (S.D.1987); *Wilson v. Great Northern Railway Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968). Summary judgment is a drastic remedy, and should not be granted unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy. *Jewson v. Mayo Clinic*, 691 F.2d 405 (8th Cir.1982).

The trial court granted summary judgment against the Richards and in favor of Lenz. The trial court held that the gravamen of the Richards' complaints was one alleging medical malpractice. The trial court ruled that Lenz was a practitioner of the healing arts in providing marital counseling and that the two-year statute of limitations under SDCL 15–2–14.1 barred all of the Richards' claims against Lenz.

The Richards argue that the trial court erred in holding that the allegations in their amended complaints are in the nature of a medical malpractice action, subject to a two-year statute of limitations. The Richards assert that a psychologist providing marriage counseling is not a practitioner of the healing arts as defined in SDCL 36–2–1(3). The Richards also assert that the conduct of Lenz constitutes a continuing tort and that their causes of action did not accrue until Lenz's wrongful conduct actually terminated in April 1992.

Alternatively, the Richards argue that they have alleged misrepresentation or fraud and breach of contract, in addition to negligence. The Richards assert that the six-year statute of limitations controlling misrepresentation or fraud and breach of contract claims should be applicable in this case.

For the reasons set forth, we determine that Lenz is not a practitioner of the healing arts and the applicable statute of limitations is the one applied to contracts, which is six years. *See* SDCL 15–2–13. Thus we need not resolve the issue of whether Lenz's conduct would constitute a continuing tort.

South Dakota law provides a two-year statute of limitations for "[a]n action against a physician, surgeon, dentist, hospital, sanitarium, registered nurse, licensed practical nurse, chiropractor, *or other practitioner of the healing arts* for malpractice, error, mistake or failure to cure, whether based upon contract or tort[.]" SDCL 15–2–14.1 (emphasis added). If Lenz is included in this group, both tort and contract claims of the Richards would be barred if not brought within the two-year period.

■ Lenz is a psychologist and does not hold a medical degree. Therefore it must be determined whether a psychologist providing marriage counseling is a practitioner of the healing arts. The healing arts is defined by statute as:

[A]ny system, treatment, operation, diagnosis, prescription or practice for the ascertainment, cure, relief, palliation, adjustment, or practice for the ascertainment, cure, relief, palliation, adjustment, or correction of any human disease, ailment, deformity, injury, unhealthy or abnormal physical or mental condition.

SDCL 36–2–1(3).

Lenz has been unable to provide any authority to support his argument that a psychologist, under the facts of this case, is a practitioner of the healing arts. This appears to be an issue of first impression in this state. In a Texas case dealing with a statute with language somewhat different than SDCL 36–2–1(3), the Texas Appeals Court ruled that a psychologist was not a health care provider for the purpose of the Texas medical statute of limitations. *Lenhard v. Butler*, 745 S.W.2d 101 (Tex.App. 1988).

When the Richards contacted WRMH in 1987 they were seeking marriage counseling. They were not specifically seeking treatment for a "human disease, ailment, deformity, injury, unhealthy or abnormal physical or mental condition." *See* SDCL 36–2–1(3). Our legislature, in enacting SDCL 15–2–14.1 certainly could have included other professional occupations or classes of persons, such as psychologists, in the list of specified medical service providers, if it intended to include them in the statutory definition. Since the legislature declined to do so, we choose not to expand the language of this statute beyond its plain language. Under the facts presented in this case, negligent marriage counseling is not medical malpractice within the language of SDCL 15–2–14.1. We hold that the trial court erred in holding that the two-year statute of limitations provided in SDCL 15–2–14.1 is an affirmative defense to the Richards' amended complaints.

In Richards' second amended complaints, they separately state causes of action against the defendants for negligence, misrepresen-

tation or fraud, and breach of contract. The causes of action alleging negligence are subject to a three-year statute of limitations, SDCL 15–2–14, and the causes of action alleging fraud and breach of contract are subject to a six-year statute of limitations. SDCL 15–2–13.

■ In *Morgan v. Baldwin,* 450 N.W.2d at 786 we held:

[I]n South Dakota, when one of two statutes of limitations may be applicable, such application should always be tested by the nature of the allegations in the complaint, and if there is any doubt as to which statute applies, such doubt should be resolved in favor of the longer limitation period.

■ We now must apply the nature of the allegations test to the Richards' complaints in this case. In their second amended complaints the Richards have alleged eight counts. We limit our discussion to the counts deemed pertinent to the resolution of this issue. In Count One the Richards' claim that in October 1987 Tammy and Edward began counseling with Lenz and WRMH who was employing Lenz; that they entered into an employment agreement for consideration with regard to counseling to improve their marital relationship; that Lenz manipulated Tammy; and that Lenz was negligent in the manner in which he provided counseling and failing to follow good practices and also failing to provide necessary procedures.

In Count Two the Richards claim that WRMH was negligent in its hiring and monitoring of Lenz and failing to warn the Richards of Lenz's behavior. In Count Three the Richards allege that the defendants occupied a fiduciary relationship and position of trust with the Richards and that the defendants were negligent in breaching their professional duties.

In Count Five the Richards allege that defendants made misrepresentations regarding the counseling with the intent to deceive and defraud the Richards. Specifically, the Richards allege that Lenz never intended to counsel them to improve their marriage relationship and WRMH never intended to provide competent professional services to im-

prove their marriage relationship. The Richards further allege that they relied on the misrepresentations and were induced to enter into an employment agreement with regard to the marriage counseling.

In Count Seven the Richards allege that they entered into an employment agreement with the defendants for counseling to improve their marriage relationship; that defendants breached their contract with the Richards by failing to improve the marriage relationship and by engaging in and permitting behaviors and relationships which were detrimental to the marriage.

It thus appears that the Richards' claims of negligence, fraud, and breach of contract are all interwoven as allegations of the defendants' wrongful conduct. The Richards' separate complaints state a single wrong for which there can be only one recovery, although the allegations in the complaints purport to state several distinct causes of action arising from negligence, fraud or misrepresentation, or breach of contract. The Richards' claims arise out of their agreement with WRMH to provide marriage counseling and WRMH's action in assigning Lenz to provide such counseling service to the Richards. The allegations in the complaints lead to the conclusion that the gravamen of the complaints is as much based in contract as it would be in negligence or fraud.

■ What was said in *Morgan v. Baldwin,* 450 N.W.2d at 786, is pertinent here:

This court, generally, has, almost without exception, viewed with disfavor any overly technical construction of our statutes, rules and pleadings, that would make effective use of our court system needlessly complex rather than simple, or unreasonably inaccessible rather than available to all who seek redress of wrongs.

All pleadings shall be so construed as to do substantial justice. SDCL 15–6–8(f). By this statutory mandate we are required to construe pleadings liberally for the purpose of determining its effect with a view of doing substantial justice between the parties. *Burmeister v. Youngstrom,* 81 S.D. 578, 139 N.W.2d 226 (1965).

What was said in *Williams v. Lee Way Motor Freight,* 688 P.2d 1294 (Okla.1984) is pertinent here:

> Generally if there is a substantial question of which of two or more statutes of limitations should be applied, the doubt should be resolved in favor of the application of the statute which contains the longest limitation. This serves the legislative intent of protecting defendants from stale claims, yet provides an approach of liberality which affords a plaintiff party-litigant maximum free access to our court system.

In this instance doubt remains as to which statute of limitations applies because the Richards' claims are grounded in tort, fraud and contract. Any such doubt should be resolved in favor of the longer limitation period. *Morgan v. Baldwin,* 450 N.W.2d at 786. The Richards' separate actions were commenced within six years of when the alleged wrongful conduct occurred. We therefore hold that the six-year statute of limitations governing breach of contract claims applies to this entire action and the trial court erred in granting summary judgment to Lenz.

In light of our ruling, we decline to decide the other issues raised in the appeals, including the awarding of costs. We reverse and remand this matter for trial.

MILLER, C.J., and AMUNDSON, J., concur.

SABERS, J., dissents.

LEE D. ANDERSON, Circuit Judge, for KONENKAMP, J., disqualified.

GILBERTSON, J., not having been a member of the Court at the time this case was submitted did not participate.

SABERS, Justice, dissenting.

The trial court was correct in holding that the two year statute of limitation for medical malpractice governed the Richards' causes of action based upon tort or contract. South Dakota law provides a two-year statute of limitation for "[a]n action against a . . . practitioner of the healing arts . . . whether based upon contract or tort." SDCL 15–2–14.1.

The trial court was correct that Lenz, a psychologist, is a practitioner of the healing arts under the facts of this case because the Richards were seeking treatment for a "human disease, ailment, . . . injury, unhealthy or abnormal physical or mental condition." SDCL 36–2–1(3). They had an "unhealthy mental condition" and they were seeking marriage counseling from a practitioner of the healing arts. We do not need to "expand the language of the statute beyond its plain language," we simply need to read and interpret it *plainly.*

Under the facts of this case, we should reverse and remand to the trial court to determine whether the continuing representation doctrine or fraudulent concealment extended the two year period of the statute of limitation. The same rationale should apply to the Richards' causes of action against West River Mental Health Center. *See Koenig v. Lambert,* 527 N.W.2d 903, 905–06 (S.D. 1995).