1996 SD 56

**Valdine KLINKER, Plaintiff and Appellant,**

v.

**Floyd and Bill BEACH, Defendants and Appellees.**

No. 19272.

Supreme Court of South Dakota.

Considered on Briefs March 12, 1996.

Decided May 15, 1996.

---

Robert J. Breit, Sioux Falls, for plaintiff and appellant.

David M. Buechler, Parker, for defendants and appellees.

GILBERTSON, Justice.

[¶ 1] Valdine Klinker appeals from the trial court's order granting summary judgment in favor of Floyd and Bill Beach. We affirm.

## FACTS AND PROCEDURE

[¶ 2] Floyd and Bill Beach, father and son, formed a partnership to construct a home in 1977. Following its completion, Bill Beach lived in the home for one year. Bill Beach claimed to have no problems with the home during the time in which he occupied it. In 1980, Valdine Klinker and her husband, now deceased, purchased the home from Beaches. Klinkers and Beaches entered into a Real Estate Purchase Agreement in which Klinkers agreed to purchase the home in its "as is" condition. This agreement referenced the fact that the buyers had inspected the property. No representations were made to the Klinkers by the Beaches about the property other than what was contained within the purchase agreement.

[¶ 3] Klinker stated she first noticed problems with water coming into the home in 1992. Klinker retained a contractor to fix the problem. While in the crawl space to lay plastic in Klinker's basement, the contractor discovered gaps between the corners of the foundation walls. The contractor alleges these gaps appeared because the corner blocks were not overlapped correctly by the Beaches when they built the home. The

contractor also noted the cement steps in front of the home were sloped downward. The contractor alleges the steps sloped because the dirt underneath was not packed properly.

[¶ 4] Klinker hired this same contractor to fix her kitchen countertops that she claims had sunk 1/8 of an inch after she had replaced her dishwasher in 1993. The contractor discovered that scrap materials, including rubber hose, had been used as shims. The contractor alleges this practice is against the industry standards, which requires the use of pre-made shims. Klinker alleges the Beaches also used coat hanger wire instead of plumbing strap to hang the basement pipes, and an extension cord instead of electrical wire to complete an electrical circuit.

[¶ 5] The contractor further discovered the foundation of the home had previously cracked and these cracks had been filled with mortar and the interior walls of the foundation covered with styrofoam insulation. The contractor also found the plate material, tying the foundation to the floor, was made of scrap pieces of wood rather than one piece of board. According to the contractor, using one piece of board is common construction industry practice. Lastly, the contractor found the foundation of the home was not reinforced with re-bar. Klinker alleges Beaches' failure to reinforce the foundation with re-bar caused the foundation to bow in and, as a result, the foundation had to be replaced.

[¶ 6] Klinker brought an action against the Beaches in 1995, three years after she first noticed these problems, to recover her damages for Beaches' alleged faulty workmanship in constructing the home. Beaches answered and moved for summary judgment, citing the ten-year statute of limitations in SDCL 15–2A–1 and 15–2A–3. Beaches stated, by affidavit in support of their motion for summary judgment, that the basement was used as a game room when Bill Beach lived in the house and that the cracks were repaired and styrofoam insulation placed on the wall to make the room more comfortable and to save on fuel costs. Beaches further testified by affidavit that the basement was constructed by a reputable sub-contractor in the area, that drain tile and construction-grade gravel were properly installed, and that no rubber hose was used as shim material.

[¶ 7] The trial court found the ten-year statute of limitations under SDCL 15–2A–1 and 15–2A–3 applied to defeat Klinker's action and granted Beaches' motion for summary judgment. Klinker appeals, raising the following issue:

> Whether Beaches are guilty of "fraudulent concealment" such that would toll the statute of limitations set forth in SDCL 15–2A–1 and 15–2A–7?

## STANDARD OF REVIEW

[¶ 8] Our standard of review on a motion for summary judgment is well established. We must determine:

> whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. Our task on appeal is to determine whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of summary judgment is proper.

*Parkhurst v. Burkel,* 1996 SD 19, ¶ 6, 544 N.W.2d 210, 212 (1996) (quoting *Henry v. Henry,* 534 N.W.2d 844, 846 (S.D.1995)). This standard of review also applies on a motion for summary judgment where fraudulent concealment has been alleged. *See Koenig v. Lambert,* 527 N.W.2d 903, 904 (S.D. 1995).

## ANALYSIS AND DECISION

[¶ 9] **Whether the Beaches are guilty of "fraudulent concealment" such that would toll the statute of limitations set forth in SDCL 15–2A–1 and 15–2A–7?**

[¶ 10] This is our first opportunity to interpret SDCL Ch 15–2A.[1] SDCL 15–2A–1 provides the following statement of the intent of the Legislature concerning the scope of this chapter:

> The Legislature finds that subsequent to the completion of construction, persons involved in the planning, design and construction of improvements to real estate lack control over the determination of the need for, the undertaking of and the responsibility for maintenance, and lack control over other forces, uses and intervening causes which cause stress, strain, wear and tear to the improvements and, in most cases, have no right or opportunity to be made aware of or to evaluate the effect of these forces on a particular improvement or to take action to overcome the effect of these forces. Therefore, it is in the public interest to set a point in time following the substantial completion of the project after which no action may be brought for errors and omissions in the planning, design and construction of improvements to real estate, whether these errors and omissions have resulted or may result in injury or not, *unless the person involved in the planning, design and construction of the improvements was guilty of fraud, fraudulent concealment, fraudulent misrepresentation, willful or wanton misconduct,* or unless the person involved in the planning, design and construction of improvements to real estate expressly warranted or guaranteed the improvement for a longer time period. This legislation is determined to be in the public interest and in the interest of equating the rights of due process between the prospective litigants in the areas of planning, design and construction of improvements to real property in an equitable manner, while adjusting the standard of care so that *persons attempting to bring actions under a general standard of care against persons involved in the planning, design and construction of improvements to real estate only have ten years to bring actions following substantial completion against those involved in the planning, design and construction, and following that ten-year time period actions may be brought against such persons only if they are guilty of fraud, fraudulent concealment, fraudulent misrepresentation, breach of express warranties or guarantees, or willful or wanton misconduct in the planning, design and construction of improvements to real estate.*

(emphasis added).

[¶ 11] The statute of limitation found in SDCL 15–2A–3 is in conformity with this stated intent:

> No action to recover damages for any injury to real or personal property, for personal injury or death arising out of any deficiency in the design, planning, supervision, inspection and observation of construction or construction, of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury or death, may be brought against any person performing or furnishing the design, planning, supervision, inspection and observation of construction, or construction, of such an improvement *more than ten years after substantial completion of such construction. The date of substantial completion shall be determined by the date when construction is sufficiently completed so that the owner or his representative can occupy or use the improvement for the use it was intended.*

(emphasis added).

[¶ 12] SDCL 15–2A–7 provides:

> The limitations contained in this chapter may not be asserted as a defense by any

---

1. This chapter replaced SDCL 15–2–9 through 15–2–12 which provided a six-year statute of limitations and which were repealed by 1985 SDSessL, Ch 156, § 10. We doubt whether SDCL Ch 15–2A is even applicable as the home was built in 1977 and purchased by Klinker in 1980. SDCL Ch 15–2A did not go into effect until 1985. *See State of Minn. ex rel. Hove v. Doese,* 501 N.W.2d 366, 370 (S.D.1993) ("When a right to sue has expired under the applicable statute of limitations prior to the effective date of a new and longer statute, the new limitations period cannot revive the expired cause of action."). Nevertheless, as the parties and the trial court approached this case as controlled exclusively by SDCL Ch 15–2A, we will review it in that context. We are convinced that should SDCL Ch 15–2A not apply and its predecessor, SDCL 15–2–9 apply instead, the outcome remains the same.

person who is guilty of fraud, fraudulent concealment, fraudulent misrepresentations or willful or wanton misconduct, in furnishing the design, planning, supervision, inspection and observation of construction, or construction of improvements to real property.

[¶ 13] SDCL Ch 15-2A does not define "fraudulent concealment" under this chapter concerning limitation of actions for construction deficiencies. Fraud has been defined as "a representation ... made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; [and] made with intent to deceive and for the purpose of inducing the other party to act upon it." To be actionable fraud, a party must further "rely on it and [be] induced thereby to act to his injury or damage." *Sander v. Wright,* 394 N.W.2d 896, 900-01 (S.D.1986)(Fosheim, J., concurring in result)(noting a synonymous relationship between the false representation or concealment standard and our definition of actionable fraud)(quoting *Northwest Realty Co. v. Colling,* 82 S.D. 421, 433, 147 N.W.2d 675, 683 (1966)).

[¶ 14] We have previously discussed the duty imposed based on the relationship of the parties and how fraudulent concealment may flow from a violation of that duty in terms of an implied exception to a statute of limitations. *Koenig,* 527 N.W.2d at 905; *Glad v. Gunderson, Farrar, Aldrich,* 378 N.W.2d 680, 682 (S.D.1985). In *Koenig,* we stated:

> In the absence of some trust or confidential relationship between the parties *there must be some affirmative act or conduct on the part of the defendant designed to prevent, and which does prevent, the discovery of the cause of action. Mere silence, in the absence of a duty to speak, is not ordinarily sufficient.* Where, however-

er, a trust or other confidential relationship does exist between the parties, silence on the part of one having the duty to disclose, constitutes fraudulent concealment in the absence of any affirmative act.

*Koenig,* 527 N.W.2d at 905-06 (quoting *Conway v. Conway,* 487 N.W.2d 21, 23 (S.D. 1992)) (emphasis added).

[¶ 15] Klinker alleges no confidential relationship between the parties that would give rise to a duty of Beaches to inform Klinker of construction methods used or repair decisions made. Klinker agreed to purchase the home in its "as is" condition. The parties' purchase agreement referenced the fact that the buyers had inspected the property. Beaches informed the trial court that the Klinkers had inspected the property prior to purchasing it. No representations were made to the Klinkers by the Beaches about the property other than what were contained within the purchase agreement.[2] Beaches further claim, in their answer to Klinker's initial complaint, that the home met the South Dakota Housing Authority specifications. Klinker lived in the home for twelve years before any of these alleged problems appeared. Finally, Klinker alleges no affirmative act by Beaches to prevent discovery of a cause of action by Klinker.

[¶ 16] While Klinker raises the fact to this Court that in 1993 the South Dakota Legislature passed legislation requiring seller's disclosure regarding the condition of a property being sold, this legislation has no applicability to the present action. *See* SDCL 43-4-44.

[¶ 17] We can find no question of material fact existing to support a claim that the Beaches committed fraudulent concealment when they sold the home to the Klinkers in 1980. As the law was correctly applied in this case, we affirm.[3]

---

**2.** This document has not been offered in support of any claims made by Klinker and we assume it would not provide such support. *See Matters v. Custer County,* 538 N.W.2d 533, 536 (S.D.1995).

**3.** Klinker also alleges the Beaches are guilty of willful or wanton misconduct such that the limitations period is tolled. Although raised as an issue before this Court, Klinker's complaint did not allege willful or wanton misconduct by the Beaches. Rather, she pled only that the Beaches

fraudulently concealed facts which she claims should have been disclosed when she purchased the home in 1980. The trial court's memorandum decision, wherein the trial court concluded the statute of limitations in SDCL 15-2A-1 and 15-2A-3 applied to defeat Klinker's action, addressed only the issue of fraudulent concealment.

This Court will not decide issues the trial court has not had the opportunity to rule upon. *Hawkins v. Peterson,* 474 N.W.2d 90, 95 (S.D.1991).

[¶ 18] MILLER, C.J., and SABERS, AMUNDSON and KONENKAMP, JJ., concur.

Having never raised the issue at the trial level, Klinker cannot now assert the trial court erred on matters it did not determine. *Bottum v. Herr*, 83 S.D. 542, 548, 162 N.W.2d 880, 883 (1968); *Schull Const. Co., v. Koenig*, 80 S.D. 224, 229, 121 N.W.2d 559, 561 (1963). Klinker has waived appeal of this issue under the authorities cited above.