Unified Judicial System

 

 
 
Formatting provided courtesy of State Bar of South Dakota
and South Dakota Continuing Legal Education, Inc.
222 East Capitol Ave.
Pierre, SD 57501-2596 


CYNTHIA K. KNUDSON,
Plaintiff and Appellant,
v.
JAMES HESS,
Individually, and James Hess, d/b/a Mountain Plains Counseling Center, Defendants and Appellees. 
South Dakota Supreme Court Appeal from the Eighth Judicial Circuit, Lawrence County, SD Hon. John W. Bastian, Judge #19361 â Affirmed 
Gregory A. Eiesland, Michael P. Reynolds Quinn, Eiesland, Day & Barker, Rapid City, SD Attorneys for Plaintiff and Appellant. 
J. Crisman Palmer, Talbot J. Wieczorek Gunderson, Palmer, Goodsell & Nelson, Rapid City, SD Attorneys for Defendants and Appellees. 
Considered on Briefs Oct 24, 1996; Opinion Filed Dec 4, 1996 
GILBERTSON, Justice 
[Â¶1] Cynthia Knudson (Knudson) appeals from a judgment on a jury verdict in favor of James Hess (Hess). Knudson appeals the trial court's application of the two-year statute of limitations to her claims against Hess. We affirm. 

FACTS AND PROCEDURE 
[Â¶2] This appeal presents a revisitation of some of the parties involved in Weisbeck v. Hess, 524 NW2d 363 (SD 1994). In Weisbeck, Knudson's husband{fn 1}  sued psychologist Hess for professional negligence arising out of Hess' relationship with Knudson. In the present case, Knudson sued Hess for negligence, intentional infliction of emotional distress, and breach of fiduciary duty arising out of their seven-year relationship. 
[Â¶3] In November 1986, Knudson and her husband first consulted Hess about problems they were having with their daughter. Soon after this first meeting, the counseling sessions began to focus on Knudson and her low self-esteem, her marital problems, and the medications she was taking for depression. By September of 1987, Knudson was working in Hess' clinic as a receptionist and was involved in group therapy sessions with counselor Patty Miller of Hess' clinic. Knudson was also receiving counseling from Hess at this time, although Hess was not billing Knudson for these sessions while she was employed at his clinic. Knudson continued to work at Hess' clinic until October 1988. 
[Â¶4] At some point, Knudson and Hess began a sexual relationship, though the parties are not in agreement as to when this relationship started. Both parties agree the relationship ended in April or May of 1993. Hess does not dispute that an intimate relationship continued until then. 
[Â¶5] In March 1994, Knudson filed a complaint against Hess with the South Dakota Psychology Board. In April 1994, Knudson filed the action underlying this appeal, claiming negligence and intentional infliction of emotional distress by Hess. Hess moved the trial court for summary judgment on grounds that the action was barred by the two-year statute of limitations provided in SDCL 15-2-14.1. This motion was denied and the matter set for trial. After the trial court denied Hess' motion for summary judgment but prior to trial, Knudson amended her complaint to include breach of fiduciary duty by Hess as a cause of action. The matter was tried before a jury June 6-9, 1995 and a verdict was rendered for Hess. Judgment was entered following the jury's verdict. Knudson moved for judgment notwithstanding the verdict and a new trial. The motion was denied by the trial court. Knudson appealed, raising the following issues: 

1. Whether the trial court erred in applying the two-year medical malpractice statute of limitations provided in SDCL 15-2-14.1? 
2. Whether the trial court erred in allowing a defense of contributory negligence? 

STANDARD OF REVIEW 
[Â¶6] Our standard of review of a trial court's instruction to the jury is well settled. We review the jury instructions by construing them together and the instructions are not erroneous if when so construed they provide a full and correct statement of the law applicable to the case at bar. Sommervold v. Grevlos, 518 NW2d 733, 739 (SD 1994); Frazier v. Norton, 334 NW2d 865, 870 (SD 1983); Mueller v. Mueller, 88 SD 446, 221 NW2d 39 (1974). 

An appellant has the burden to show not only that the instruction given was in error, but also that it was prejudicial error to the effect that under the evidence, the jury might and probably would have returned a different verdict if the appellant's instructions had been given. 
Sybesma v. Sybesma, 534 NW2d 355, 359 (SD 1995) (quoting Chambers v. Dakotah Charter, Inc., 488 NW2d 63, 64 (SD 1992). "[A]n appellant who seeks to set aside a civil verdict because of an incomplete or ambiguous instruction must establish that it was prejudicial." Id. (quoting Schmidt v. Wildcat Cave, Inc., 261 NW2d 114, 119 (SD 1977)). 

ANALYSIS AND DECISION 
[Â¶7] 1. Whether the trial court erred in applying the two-year medical malpractice statute of limitations provided by SDCL 15-2-14.1? 
[Â¶8] Before being permitted to raise an issue on appeal, parties must have presented the issue to the trial court and obtained a ruling. "This Court will not decide issues the trial court has not had the opportunity to rule upon." Klinker v. Beach, 1996 SD 56, 17 n3, 547 NW2d 572, 576 n3; Hawkins v. Peterson, 474 NW2d 90, 95 (SD 1991). 
[Â¶9] Prior to trial, Hess moved for summary judgment based on the two-year statute of limitations provided by SDCL 15-2-14.1.{fn2}  The statute provides this limitations period applies to an action brought against a "practitioner of the healing arts for malpractice, error, mistake or failure to cure, whether based upon contract or tort[.]" In opposing Hess' motion, Knudson did not argue the limitations period, but argued instead the existence of material facts of a continuing relationship between the parties, such that, if found to exist, would toll the statutory period. See Keegan v. First Bank of Sioux Falls, 519 NW2d 607, 613 (SD 1994); Schoenrock v. Tappe, 419 NW2d 197, 201 (SD 1988). Knudson argued: 

In this case, there are indeed disputed material facts as to: (1) Whether Plaintiff and Defendant Hess had a counselor/patient relationship which ended in late April or May of 1993 and whether Hess committed malpractice within the two (2) year statute of limitation [sic]; (2) Whether Hess continued to counsel Plaintiff until at least the 8th day of April, 1992 which would toll the statute of limitations; (3) Whether Hess and Plaintiff had a counselor/patient relationship to at least April 8, 1992; (4) At what time, if any, did Hess' treatment of Plaintiff cease; (5) Whether Hess' treatment of Plaintiff is continuing treatment; and (6) Whether Hess' conduct amounted to intentional infliction of emotional distress. 
At the conclusion of her reply opposing Hess' motion for summary judgment, Knudson noted that: 

An action for intentional infliction of emotional distress is governed by the three (3) year statute of limitation [sic] as set forth in SDCL 15-2-14. However, in this case, whether the statute is two (2) years or (3) [sic] years is really not the issue. The issue is what was the relationship between Cindy and Hess between 1987 and April or May of 1993. This question is hotly disputed between the parties. Material issues of fact exist which preclude summary judgment. (emphasis added).
Knudson prevailed in her argument. In denying Hess' motion, the trial court noted this Court's holding in Keegan, 519 NW2d at 611: 

Statute of limitations questions are normally for the jury. Further, summary judgment is proper on the issue of statute of limitations only when application of the law is in question. Summary judgment is therefore improper where there is a dispute of material fact which would affect the application of the statute of limitations. (emphasis original) (citations omitted). 
The trial court found summary judgment improper in this case and the matter proceeded to trial.{fn3}  
[Â¶10] At trial, during settlement of the jury instructions, Hess proposed an instruction which ultimately became Jury Instruction 15 and was presented by the trial court to the jury. This instruction stated that: 

The defendant has asserted the defense of statute of limitations. If you find that defendant, Dr. James Hess, did not continue counseling Cindy Knudson through at least April 8, 1992, you must enter a verdict for the defendant, Dr. Hess. If you find that defendant, Dr. James Hess, continued counseling Cindy Knudson through at least April 8, 1992, you must proceed to the rest of the instructions. 
Knudson had a final opportunity to preserve this issue for appeal by making objection to the proposed instruction on the grounds she now raises before this Court. Knudson did object to this instruction "for the reason that reasonable minds could not differ that the evidence has shown that he was counseling beyond April 8, 1992 and that as a matter of law, the court should direct that counseling did continue and that instruction would not be necessary to put to the jury." The trial court overruled this objection. Knudson did not object to the legal sufficiency of the instruction as it pertains to the appropriate statute of limitations, but to the sufficiency of the evidence in this case. 
[Â¶11] SDCL 15-6-51(b) governs procedures for settlement of jury instructions at trial and provides, in relevant part, that "[n]o grounds of objection to the giving or the refusing of an instruction shall be considered either on motion for new trial or appeal, unless presented to the court upon the 'settlement' of such instruction." This statute also requires that "each counsel, or party, shall specify and state the particular ground or grounds" for objection and that a general objection is insufficient. An objection must be clear so the trial court is advised of what possible errors exist and be granted the opportunity to correct any instructions. Hogg v. First Nat'l Bank of Aberdeen, 386 NW2d 921, 925 (SD 1986) (citing Schmidt, 261 NW2d at 116). See also Sybesma, 534 NW2d at 359 (holding issue not properly preserved for review where different objection was made to instruction at trial than was made on appeal). "[T]he complaining party must have properly objected to the instruction in order to preserve the issue on appeal, or the improper instruction becomes the law of the case." Wallahan v. Black Hills Elec. Co-op., 523 NW2d 417, 419-20 (SD 1994); State v. Willis, 370 NW2d 193, 200 (SD 1985); Shaull v. Hart, 327 NW2d 50, 53 (SD 1982). 
[Â¶12] Having never raised the issue of the applicable statute of limitations at the trial level and having made no objection to the jury instruction on these grounds, Knudson cannot now assert the trial court erred on matters it was never asked to determine. Klinker, 1996 SD 56, 17 n3, 547 NW2d at 576 n3; Bottum v. Herr, 83 SD 542, 548, 162 NW2d 880, 883 (1968); Schull Const. Co., v. Koenig, 80 SD 224, 229, 121 NW2d 559, 561 (1963). This issue is waived for Knudson's failure to preserve it at trial. 
[Â¶13] 2. Whether the trial court erred in allowing a defense of contributory negligence? 
[Â¶14] The trial court gave two instructions to the jury on the defense of contributory negligence which Knudson argues were given in error. She does not dispute that they were a correct statement of the law of contributory negligence. Rather, her argument that these instructions were erroneous is based on the evidence presented at trial, specifically, evidence of Knudson's alleged state of diminished mental capacity during her relationship with Hess. Knudson claims that the evidence presented of her mental state precluded a finding of contributory negligence because she did not have sufficient faculties to avoid a risk of harm. But see Frazier, 334 NW2d at 870 (holding that diminished capacity of a minor did not preclude an instruction on contributory negligence and assumption of the risk). Knudson claims the evidence demonstrated she was so emotionally dependent upon Hess that she was unable to function without his approval. Knudson had testified her relationship with Hess was "like a fix; I had to have a fix and I would call Jim and it got to the point where I needed him for everything." According to Knudson's argument, she was incapable of contributory negligence under this addictive state. We note that, despite Knudson's claims to this Court on appeal regarding evidence of her diminished capacity, she failed to propose a diminished capacity jury instruction at trial. See Carlson v. First Nat'l Bank, 429 NW2d 463, 465 (SD 1988). 
[Â¶15] To set aside a jury verdict due to erroneous instruction, Knudson must demonstrate prejudice due to the instructions. LDL Cattle Co., Inc. v. Guetter, 1996 SD 22, 32, 544 NW2d 523, 530; Glanzer v. St. Joseph Indian School, 438 NW2d 204, 209 (SD 1989). Knudson must further show that the jury might and probably would have reached a different verdict, one in her favor, had the instruction at issue not been given. LDL Cattle Co., Inc., 1996 SD 22, 35, 544 NW2d at 530; Chambers, 488 NW2d at 64. 
[Â¶16] We hold Knudson has failed to meet her burden in this regard. Her argument to this Court focuses on her diminished mental capacity and her inability to avoid the risk of harm by Hess. This evidence was presented to the jury.{fn 4}  However, without a special verdict form, we have no way of knowing whether the jury ever reached this question. The jury could have rendered its same verdict in favor of Hess based on the two-year statute of limitations instruction, finding that no counseling relationship continued through at least April 8, 1992. Knudson is unable to show the jury would have reached a different verdict if the two instructions on the defense of contributory negligence had not been given. 
[Â¶17] We affirm. 
[Â¶18] MILLER, Chief Justice, and AMUNDSON and KONENKAMP, Justices, concur. 
[Â¶19] SABERS, Justice, concurs specially. 
SABERS, Justice (concurring specially). 
[Â¶20] Hopefully, this case will put to rest any lingering questions reflected in the numerous writings in Richards v. Lenz, 539 NW2d 80 (SD 1995) and Rehm v. Lenz, 1996 SD 51, 547 NW2d 560. It should be clear by now that the two-year medical malpractice statute of limitations applies to a psychologist treating depression whether the claim is based on contract or tort; that SDCL 15-2-14.1 covers all medical malpractice, error, mistake or failure to cure, whether the claim is based on contract or tort; and that one cannot avoid the obvious statute of limitations simply by alleging negligent hiring or supervision or by labeling a tort as an intentional act. 
[Â¶21] As I stated in Rehm, 1996 SD 51 at 42, 547 NW2d at 569: 

In the absence of fraudulent concealment or the continuing treatment rule, the lawsuit had to be commenced within two years, not three years, of the last act of negligence[.] 
Footnotes 
 fn 1. Knudson and her husband, James Weisbeck, were divorced in 1990. 
 fn 2. See Rehm v. Lenz, 1996 SD 51, 547 NW2d 560, and Richards v. Lenz, 539 NW2d 80 (SD 1995), for a discussion of the issues pertaining to the appropriate statute of limitations in this type of factual setting. 
 fn 3. We note that the six-year statute of limitations, one of the limitations periods urged by Knudson on appeal only could have been applicable, if at all, to a claim of breach of fiduciary duty Knudson made through her amended pleadings. But see SDCL 15-2-14.1 which provides a two-year statutory limitations period whether the action is "based upon contract or tort[.]" Knudson amended her pleadings to include this cause of action after the trial court had ruled on Hess' motion for summary judgment. Therefore, Knudson cannot rely on the court's ruling on the summary judgment motion as preserving an argument that a six-year statute of limitations applies. See Klinker, supra. 
 fn 4. Hess counters that the jury also heard testimony from Knudson herself that various other counselors and her psychiatrist advised her to terminate her relationship with Hess because it could be harmful to her. In his brief, Hess posits that even if Knudson's alleged diminished capacity rendered her unable to determine for herself the effects of this relationship, this information was provided to her by others supposedly standing in a position of trust with Knudson. Despite this knowledge, Knudson continued the relationship.