Alvina MAHONEY, Plaintiff,

v.

Glen MAHONEY, an individual, Ipswich State Bank, a banking institution, (Appellant herein), Tom Holdhusen, Bank President and an individual, Carlyle E. Richards, attorney and an individual, Leon P. Lechene, an individual, Vernon C. Evans, an individual and judge, Edmunds County, a local government division (Appellee herein), Dennis M. Olson, an individual and Sheriff of Edmunds County, (Appellee herein), Defendants,

v.

HUB CITY LIVESTOCK SALES, INC., a corporation, Third Party Defendant,

Alvina MAHONEY, Plaintiff,

v.

IPSWICH STATE BANK (Appellant herein), Hub City Livestock Sales, Inc., Dennis M. Olson (Appellee herein), Doug Lake (Appellee herein), an individual, all John Does and Jane Does, Defendants.

No. 16019.

Supreme Court of South Dakota.

Considered on Briefs May 27, 1988.

Decided Sept. 14, 1988.

Carlyle E. Richards, P.C., Aberdeen, for defendant Ipswich State Bank.

Michael T. Hogan, Edmunds County State's Atty., Ipswich, for defendants Edmunds County, Dennis M. Olson and Doug Lake.

PER CURIAM.

Ipswich State Bank (Bank) appeals the dismissal of its counterclaim against Alvina Mahoney (Mahoney) and its third party complaint against Hub City Livestock Sales, Inc. (Hub City). We reverse and remand.

FACTS

In September 1986 Mahoney filed a "complaint at law" and an "amended complaint at law" alleging various defendants, including Bank, wrongfully converted certain tracts of her real property pursuant to a judgment of foreclosure in an earlier action. Bank answered by way of a counterclaim against Mahoney and a third party complaint against Hub City. Bank alleged that Mahoney had converted cattle in which it held a security interest by selling the cattle at Hub City, a local sale barn.

In February 1987 three of the defendants in Mahoney's complaint (Edmunds County, Dennis Olson and Doug Lake) filed a motion to dismiss the summons and complaint. Neither the motion nor the notice of hearing were served on Bank. At the hearing on the motion (which Bank did not attend), Glen Mahoney (Alvina Mahoney's son) testified that he was representing his mother in her action and further testified that he was not an attorney. After the hearing, the circuit court entered an order dismissing Mahoney's complaint with prejudice as to defendants Edmunds County, Olson and Lake. Notice of entry of this order was not served on Bank.

In July 1987, Olson, Lake and Michael Hogan (Edmunds County States Attorney) filed a motion for a protective order due to harassment by the Mahoneys. Again, neither the motion nor the notice of hearing were served on Bank and Bank did not attend the hearing. At this hearing, the circuit court ruled sua sponte that the entire case, including Bank's counterclaim and third party complaint, should be dismissed. The circuit court circulated its memorandum decision among all of the parties, including Bank. Despite Bank's written objections, the circuit court ultimately entered its order dismissing the entire case without prejudice.

## ISSUE

Did the circuit court err in dismissing Bank's counterclaim and third party complaint?[1]

## DECISION

In dismissing this case, the circuit court reasoned that due to Glen Mahoney's lay representation of his mother, all proceedings on her summons and complaint were invalid. According to the circuit court, this not only necessitated dismissal of Mahoney's complaint but also dismissal of Bank's counterclaim against Mahoney and its third party complaint against Hub City. We disagree.

■ This court has not yet addressed the procedural issue of the viability of a counterclaim or third party complaint after dismissal of an original complaint. In resolving this procedural question, we turn to the federal courts for guidance as the applicable South Dakota Rules of Civil Procedure are nearly identical to their Federal counterparts. *Compare* SDCL 15–6–13, 15–6–14, 15–6–41 *with* Fed.R.Civ.P. 13, 14, 41.

*Rare Earth, Inc. v. Hoorelbeke*, 401 F.Supp. 26 (S.D.N.Y.1975) is a case bearing procedural similarities to the present matter. In that case, the district court determined that proceedings on a corporation's complaint against a shareholder were invalid due to lack of proper authorization for commencement of the action by the corporation's board of directors. The district court dismissed the corporation's complaint but did not dismiss a counterclaim and third party complaint filed by the defendant/shareholder and stated:

> Once an issue with independent subject matter jurisdiction is before the court and jurisdiction of the parties has been perfected, it must be allowed to proceed to a conclusion pursuant to the rules of civil procedure like any other routine federal claim.... Where jurisdiction [over a counterclaim] is merely ancillary, the Court has discretion to dismiss if the original claim supporting it is disposed of. But where, as here, jurisdiction is independent, the counterclaim must be allowed to proceed without regard to the fate of the original claim, and it was error to dismiss it out of hand. There is no justification for putting the plaintiff in counterclaim to the expense, effort and risk of refiling his claim and attempting to re-establish personal jurisdiction over the opposing party. [Footnotes omitted]

*Rare Earth, Inc.*, 401 F.Supp. at 35, *citing National Research Bureau, Inc. v. Bartholomew*, 482 F.2d 386, 388–89 (3d Cir. 1973). *See also Rengo Co. Ltd. v. Molins Machine Co.*, 657 F.2d 535, 539–40 (3d Cir. 1981); *Duncan v. First National Bank of*

ance on May 31, 1988. Thus, the propriety of that dismissal is not an issue in this appeal.

*Cartersville, Ga.*, 597 F.2d 51, 55 n. 3 (5th Cir.1979); *Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 232 (9th Cir.1979); *Ferguson v. Eakle*, 492 F.2d 26, 28 n. 6 (3d Cir.1974); *Switzer Bros. Inc. v. Chicago Cardboard Co.*, 252 F.2d 407, 410 (7th Cir. 1958); *Pioche Mines Consolidated v. Fidelity–Philadelphia Trust Co.*, 206 F.2d 336 (9th Cir.1953); *Burns v. Rockwood Dist. Co.*, 481 F.Supp. 841, 848 n. 13 (N.D. Ill.1979) (counterclaim with independent jurisdictional basis survives dismissal of complaint).

Applying the principles outlined in *Rare Earth, Inc.* to Bank's counterclaim against Mahoney, we find nothing in the record to indicate that the circuit court lacked independent jurisdiction over the subject matter of the claim. *See* SDCL 16–6–9. Nor is there any indication that the circuit court lacked independent personal jurisdiction over the parties to the counterclaim. *See* SDCL 15–7–2. Therefore, the counterclaim should have been allowed to proceed to its conclusion.

■ With specific reference to Bank's "third party complaint" against Hub City, we find that it was in reality not a third party complaint at all. A defendant may raise a third party complaint against a person who is not a party to an action if that person may be liable to the defendant on the plaintiff's claim. SDCL 15–6–14(a). In this instance, Bank made no allegation that Hub City might be liable to it on Mahoney's complaint. Rather, the so called "third party complaint" was merely a mechanism which Bank used to join Hub City as an additional defendant in its counterclaim against Mahoney (SDCL 15–6–13(h)). *See Rare Earth, Inc.* 401 F.Supp. at 35. As with the counterclaim against Mahoney, we find nothing in the record to suggest that the circuit court lacked independent subject matter or in personam jurisdiction over Bank's claim against Hub City. *See* SDCL 15–7–2, 16–6–9. Thus, this claim as well should have been allowed to proceed to its conclusion.

■ Since the circuit court retained an adequate independent jurisdictional basis over both of Bank's claims even after dis-

missal of Mahoney's complaint, we see no justification for the circuit court's action in dismissing the claims and putting Bank to the expense and risk of refiling them. Moreover, it is significant to note that Bank could not have refiled its claim against Hub City after dismissal of its "third party complaint" because that claim was time barred after the dismissal. SDCL 57A–9–503.1. When further litigation on a claim will be time barred, a dismissal of the claim, even if it is without prejudice, is a severe sanction and should not be imposed absent some consideration of the interests of justice. *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554 (5th Cir.1981). In this instance, the interests of justice were obstructed, not served, by dismissal of Bank's "third party complaint" against Hub City.

Based upon the foregoing, we conclude that the circuit court erred in dismissing Bank's counterclaim against Mahoney and its "third party complaint" against Hub City. We reverse and remand for reinstatement of Bank's claims.