#26505, #26506-rev & rem-GAS

**2013 S.D. 57**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

DONALD BUCKLIN CONSTRUCTION,
A D/B/A OF DONALD BUCKLIN,                    Plaintiff and Appellant,

v.

MCCORMICK CONSTRUCTION CO.,
A D/B/A OF MCC, INC., A
MINNESOTA CORPORATION; ET AL.,               Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
DAY COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JON S. FLEMMER
Circuit Court Judge

* * * *

RONALD A. PARSONS, JR.
STEVEN M. JOHNSON
SHANNON R. FALON of
Johnson, Heidepriem &
  Abdallah, LLP
Sioux Falls, South Dakota                    Attorneys for plaintiff
                                             and appellant.


MATTHEW P. BOCK
WILLIAM G. BECK of
Woods, Fuller, Shultz & Smith, PC
Sioux Falls, South Dakota                    Attorneys for defendant
                                             and appellee.

* * * *

ARGUED MAY 21, 2013

OPINION FILED **07/31/13**

SEVERSON, Justice

[¶1.]     McCormick Construction contracted with Donald Bucklin Construction to build flat grain storage facilities at two locations in northern South Dakota. After beginning construction on the facilities, Bucklin stopped work, alleging that McCormick failed to make progress payments. Bucklin filed lawsuits seeking to foreclose liens on the properties and alleging McCormick was unjustly enriched. McCormick answered and counterclaimed. McCormick later moved for default judgment on its counterclaims against Bucklin and for summary judgment on Bucklin's claims. The trial court granted McCormick's motions for default judgment on the counterclaims and granted McCormick's motions for summary judgment in both cases. Bucklin appeals. We reverse and remand.

## BACKGROUND

[¶2.]     In early 2010, the South Dakota Wheat Growers Association (SDWGA) hired McCormick Construction as a general contractor to build large grain storage complexes in Edmunds County and Day County. SDWGA requested that Donald Bucklin Construction build "Bucklin buildings" for the grain storage portion of both complexes. "Bucklin buildings," which have a fabric roof and a concrete base, are used for flat storage of grain as an alternative to vertical grain towers or outdoor storage of grain. McCormick subcontracted the construction of the flat grain storage buildings to Bucklin.

[¶3.]     The contracts between Bucklin and McCormick specified that each building would be constructed for $2,109,500. For each building, a one-third payment would be made up front to Bucklin, a one-third payment would be due on

delivery, and progress payments would be made throughout the construction. A portion of all payments made to Bucklin would be retained by McCormick until the buildings were complete. The contracts required any change orders on the buildings to be in writing and signed by each party.

[¶4.] After the receipt of $650,000 for each building, Bucklin began work on the buildings near Andover in Day County and near Roscoe in Edmunds County. Bucklin alleges that change orders to the construction of both buildings increased the total amount due under the contracts by more than $1,000,000. Bucklin also alleges that after construction began, McCormick sought to impose delays to avoid making progress payments owed to Bucklin. Bucklin asserts that because the company did not receive certain payments, Bucklin stopped work on both projects. McCormick alleges that it should not have to pay Bucklin because of Bucklin's deficient work at both sites.

[¶5.] On March 17, 2011, McCormick received a notice from SDWGA's insurance carrier describing construction defects in the buildings. McCormick then made emergency repairs to the buildings because of safety concerns.

[¶6.] On March 23, 2011, Bucklin recorded mechanic's liens against both project sites. Bucklin stated that the company was owed $912,057.13 for the Day County facility and $769,257.93 for the Edmunds County facility. Bucklin attached invoices submitted to McCormick for his company's work on the buildings to the liens. Bucklin did not attach any written change orders to the liens.

[¶7.] On April 1, 2011, SDWGA served a written demand on Bucklin pursuant to SDCL 44-9-26, requesting that Bucklin either sue for foreclosure on the

mechanic's liens or forfeit the liens. On May 2, 2011, Bucklin sued SDWGA to foreclose on the mechanic's liens for both projects.[1] Bucklin also sued McCormick, alleging unjust enrichment. McCormick answered and counterclaimed against Bucklin for breach of contract, negligence, breach of express and implied warranties of good workmanship, and other claims. McCormick and SDWGA moved to dismiss Bucklin's mechanic's liens because the liens were not sufficiently itemized.

[¶8.]       On October 19, 2011, the trial court held a hearing on the motions to dismiss the mechanic's liens claims on both buildings. On October 28, 2011, the trial court issued a memorandum decision dismissing the mechanic's liens claims in both complaints. The trial court ordered the liens cancelled on both buildings on November 10, 2011.

[¶9.]       In January 2012, SDWGA moved for permission to withdraw and be dismissed as a party defendant because the mechanic's liens on both properties were dismissed and Bucklin's remaining claims on both projects was against McCormick alone. SDWGA, Bucklin, and McCormick stipulated to SDWGA's dismissal from both lawsuits and the trial court granted the order.

[¶10.]      After the dismissal of SDWGA from both lawsuits, McCormick moved for summary judgment against Bucklin on the unjust enrichment claims. On March 18, 2012, Bucklin moved to amend both complaints to allege breach of contract

---

1.    Initially, Bucklin filed a complaint in Day County regarding the Andover facility and a complaint in Edmunds County regarding the Roscoe facility. The parties later stipulated to a transfer of the lawsuit in Edmunds County to Day County. Both lawsuits were addressed together by the same trial court judge, although two case numbers and records exist.

claims and to forfeit the claims of unjust enrichment. On April 16, 2012, McCormick and Bucklin stipulated to Bucklin's amended complaints. The trial court allowed McCormick to rely on its previously filed answers and counterclaims in response to the amended complaints, though the claims were different.

[¶11.] On June 27, 2012, McCormick moved for default judgment on its counterclaims against Bucklin and again moved for summary judgment on Bucklin's claims against McCormick. On July 18, 2012, Bucklin filed a reply, denoted as an answer, to McCormick's counterclaim.[2] In response, McCormick filed motions to strike as untimely Bucklin's answers to the counterclaims. Then, on July 23, 2012, Bucklin filed a brief and affidavit opposing McCormick's motions for summary judgment. The trial court held a hearing on McCormick's motions on July 24, 2012. At the beginning of the hearing, McCormick made an oral motion to strike Bucklin's pleadings filed in opposition to the motions for summary judgment. At the close of the hearing, the trial court made oral rulings, granting McCormick's motions for default on the counterclaims and McCormick's motions for summary judgment in both cases.

[¶12.] Following the July 24 hearing, Bucklin hired new counsel. Before the trial court entered its written orders granting the default judgment and summary judgment in both suits, Bucklin's new counsel moved for reconsideration of the trial court's rulings.

---

2. Although Bucklin, McCormick, and the trial court refer to Bucklin's "answer" to the counterclaim, the correct term is "reply" to the counterclaim. *See* SDCL 15-6-7(a).

-4-

[¶13.]     The trial court entered the orders granting the default judgment and summary judgment in both suits to McCormick on August 20, 2012. At a hearing on September 19, 2012, the trial court considered Bucklin's motions for reconsideration under SDCL 15-6-55(c). At the end of the hearing, the trial court issued an oral ruling denying the motions to vacate the default judgment and summary judgment. The trial court entered its formal order denying the motions on October 10, 2012.

[¶14.]     Bucklin petitioned this Court for an intermediate appeal in both suits, which was granted on December 26, 2012. Bucklin presents two issues: (1) whether the trial court abused its discretion in granting the motions for default judgment against Bucklin on McCormick's counterclaims, failing to grant Bucklin's motions for enlargement of time, and denying Bucklin's motions to vacate; and (2) whether genuine issues of material fact exist as to Bucklin's claims against McCormick.

## STANDARD OF REVIEW

[¶15.]     "'The decision to grant or deny relief from a default judgment rests with the sound discretion of the trial court and we will not disturb the trial court's decision absent an abuse of that discretion.'" *Roso v. Henning*, 1997 S.D. 82, ¶ 5, 566 N.W.2d 136, 139 (quoting *First Fed. Sav. & Loan Ass'n v. Strub,* 427 N.W.2d 836, 838 (S.D. 1988)).

> The trial court's discretion is to be exercised liberally in accord with legal and equitable principles in order to promote the ends of justice. Ultimately, any doubt should be resolved in favor of an application to set aside a judgment in order that the case may be tried upon the merits.

*Upper Plains Contracting Inc. v. Pepsi Americas*, 2003 S.D. 3, ¶ 11, 656 N.W.2d 323, 327 (quoting *Smith v. Hermsen,* 1997 S.D. 138, ¶ 8, 572 N.W.2d 835, 838) (internal quotation marks omitted).

[¶16.]     "[W]e review a grant or denial of enlargement of time to file an answer under the abuse of discretion standard." *Colton Lumber Co. v. Siemonsma*, 2002 S.D. 116, ¶ 7, 651 N.W.2d 871, 873 (citing *Tingle v. Parkston Grain Co.,* 442 N.W.2d 252, 253 (S.D. 1989)). *See also Velocity Invs., LLC v. Dybvig Installations, Inc.*, 2013 S.D. 41, ¶ 10, ___ N.W.2d. ___, ___; *AgFirst Farmers Coop. v. Diamond C Dairy, LLC,* 2013 S.D. 19, ¶ 23, 827 N.W.2d 843, 849-50. "'An abuse of discretion refers to a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence.'" *Baker v. Atkinson*, 2001 S.D. 49, ¶ 12, 625 N.W.2d 265, 270 (quoting *State v. Almond,* 511 N.W.2d 572, 574 (S.D. 1994)).

[¶17.]     We review a trial court's grant or denial of a motion for summary judgment by determining "'whether the moving party has demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law.'" *Janis v. Nash Finch Co.*, 2010 S.D. 27, ¶ 6, 780 N.W.2d 497, 500 (quoting *Dykstra v. Page Holding Co.*, 2009 S.D. 38, ¶ 23, 766 N.W.2d 491, 496). *See also* SDCL 15-6-56(c). "'The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party.'" *Janis*, 2010 S.D. 27, ¶ 6, 780 N.W.2d at 500 (quoting *Dykstra*, 2009 S.D. 38, ¶ 23, 766 N.W.2d at 496). "'The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists.'" *Id.* (quoting *Dykstra*, 2009 S.D. 38, ¶ 23, 766 N.W.2d at 496).

## DISCUSSION

[¶18.]     **(1) Whether the trial court abused its discretion in granting the motions for default judgment against Bucklin on McCormick's counterclaims, failing to grant Bucklin's motions for enlargement of time, and denying Bucklin's motions to vacate.**

[¶19.]     At the July 24, 2012 hearing, the trial court ruled from the bench on the issues of enlargement of time under SDCL 15-6-6(b) and default judgment under SDCL 15-6-55(b).  The trial court stated:

> No other basis has been provided here so it does appear to the court that the motion to strike as untimely the answer of Bucklin to the counterclaim must be granted at this point and with the granting of that motion it would appear as well that the default judgment on the – or the motion for default judgment on the counterclaim of the defendant must also be granted.

[¶20.]     McCormick filed their answers and counterclaims on September 26, 2011.  McCormick moved for default judgment on the counterclaims on June 27, 2012.  Bucklin filed replies, denoted as answers, to the counterclaims on July 18, 2012.  SDCL 15-6-12(a) requires a plaintiff to "serve a reply to a counterclaim in the answer within twenty days after service of the answer[.]"[3]  However, a trial court

---

3.     SDCL 15-6-12(a) provides:

> A defendant shall serve the answer within thirty days after the service of the complaint upon defendant, except when otherwise provided by statute or rule.  A party served with a pleading stating a cross-claim shall serve an answer within twenty days after the service.  *The plaintiff shall serve a reply to a counterclaim in the answer within twenty days after service of the answer or, if a reply is ordered by the court, within twenty days after service of the order, unless the order otherwise directs.*  The service of a motion permitted under § 15-6-12 alters these periods of time as follows, unless a different time is fixed by order of the court:

(continued . . . )

has discretion under SDCL 15-6-6(b) to enlarge the time to file a reply. If, as in this case, the motion is made after the expiration of the time period, the trial court may permit the enlargement of time "where the failure to act was the result of excusable neglect[.]" SDCL 15-6-6(b)(2).

[¶21.]     Excusable neglect in the context of SDCL 15-6-6(b)(2) "is closely analogous to the excusable neglect which must be shown to set aside a default judgment or other final judgment under SDCL 15-6-55(c) and SDCL 15-6-60(b)." *Colton Lumber Co.*, 2002 S.D. 116, ¶ 8, 651 N.W.2d at 874 (citing *Tingle,* 442 N.W.2d at 254). "'Excusable neglect must be neglect of a nature that would cause a reasonable, prudent person to act similarly under similar circumstances.'" *Elliott v. Cartwright,* 1998 S.D. 53, ¶ 9, 580 N.W.2d 603, 604-05 (quoting *Clarke v. Clarke,* 423 N.W.2d 818, 821 (S.D. 1988)). "'Excusable neglect' has no fixed meaning and should be 'interpreted liberally to insure that cases are heard and tried on the merits.'" *Id.* (quoting *Eby v. Misar*, 345 N.W.2d 381, 383 (S.D. 1984)). We have

---

(. . . continued)

> (1) If the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within ten days after notice of the court's action;
> (2) If the court grants a motion for a more definite statement, the responsive pleading shall be served within ten days after the service of the more definite statement;
> (3) If an appeal is taken from an order sustaining a motion to dismiss and such order is thereafter reversed, the responsive pleading shall be served within twenty days after the judgment or order of reversal is filed in the trial court.

(Emphasis added.)

also adopted the requirement of a meritorious defense for SDCL 15-6-6(b) cases where "after expiration of the thirty days, the moving party seeks an enlargement of time to file an answer." *Colton Lumber Co.*, 2002 S.D. 116, ¶ 13, 651 N.W.2d at 875. Another factor considered in the evaluation of SDCL 15-6-55(c) and SDCL 15-6-60(b), which is applicable here, is whether there is prejudice to the party opposing the enlargement of time. *See Upper Plains Contracting Inc.*, 2003 S.D. 3, ¶ 21, 656 N.W.2d at 329 (citing *Hermsen,* 1997 S.D. 138, ¶ 11, 572 N.W.2d at 838-39).

[¶22.]       McCormick highlights *Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1048 (8th Cir. 2010), where the Eighth Circuit determined that counsel's busy schedule alone did not constitute excusable neglect. *Hawks* also recognized that "'[t]he determination as to what sort of neglect is considered excusable is an equitable one, taking account of all relevant circumstances surrounding the party's own omission.'" 591 F.3d at 1048 (quoting *Kaubisch v. Weber*, 408 F.3d 540, 543 (8th Cir. 2005)).

[¶23.]       After determining that there was no excusable neglect under SDCL 15-6-6(b), denying the motions to enlarge time, and granting the motions to strike Bucklin's reply, the trial court concluded that a default judgment on the counterclaims must be awarded to McCormick. SDCL 15-6-55(a) authorizes courts to enter a default if the "party against whom . . . relief is sought has failed to plead or otherwise defend[.]" SDCL 15-6-55(b) provides the circumstances under which a trial court may award a default judgment. But, "[a] default judgment is an extreme remedy and should only be granted when 'the adversary process has been halted because of an essentially unresponsive party.'" *Upper Plains Contracting Inc.*, 2003

S.D. 3, ¶ 12, 656 N.W.2d at 327 (quoting *Roso,* 1997 S.D. 82, ¶ 8, 566 N.W.2d at 140). Default judgments were conceived as a protection against "interminable delay and continued uncertainty as to [a party's] rights." *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970). The requirements for notice in SDCL 15-6-55(b), which is similar to the federal rule, were "intended to protect those parties who, although delaying in a formal sense by failing to file pleadings within the twenty-day period, have otherwise indicated to the moving party a clear purpose to defend the suit." *Id.* Importantly, "'[d]efault judgments are not favored in the courts since their effect is to prevent a trial on the merits.'" *Upper Plains Contracting Inc.*, 2003 S.D. 3, ¶ 12, 656 N.W.2d at 327 (quoting *Colton Lumber Co.,* 2002 S.D. 116, ¶ 9, 651 N.W.2d at 874). Once a default judgment is entered, trial court may grant relief from judgment under SDCL 15-6-60(b).

[¶24.] After granting the default judgments at the earlier hearing, the court declined to vacate the default judgments at the hearing on September 19, 2012. The trial court found:

> While the court is certainly aware that the Supreme Court doesn't like matters determined on simply procedural issues, the court's also aware that if the action isn't taken someone has to bring the matter to a head and in this case that was done by the defendant filing their motion. And, again, it doesn't appear to the court that there was any type of excusable neglect. Someone wasn't disabled or incapable of filing a response. It simply wasn't done. And it would appear to the court that that is not excusable neglect, and therefore, the motion to reconsider the court's ruling on the default judgment and the motion to vacate the default judgment would also be denied.

[¶25.] Bucklin argues that excusable neglect is demonstrated in this case, and the trial court should have granted the motions for enlargement of time to file replies. Bucklin's original counsel, Attorney Lester, inadvertently failed to file the replies to the counterclaims during the time when Lester was actively litigating McCormick's motions to dismiss mechanic's liens in both lawsuits. Bucklin also asserts that the failure to file replies to the counterclaims did not cause any delay in the lawsuits because litigation on a variety of other issues was ongoing. By a court order on April 16, 2012, Bucklin was allowed to file amended complaints. The order also allowed McCormick to stand on its answers and counterclaims filed in response to Bucklin's original complaints, though Bucklin's claim had changed.

[¶26.] Upon our review of the records in these cases, Bucklin has demonstrated excusable neglect and a meritorious defense. Though Bucklin's original counsel, Attorney Lester, failed to reply to McCormick's counterclaims within the twenty day time period, he was engaged in the litigation and responsive to other motions in both suits. When McCormick moved for default judgment on the counterclaims, Attorney Lester realized his error and filed replies, denoted as answers, to the counterclaims. Attorney Lester acted reasonably to remedy his failure to file replies.

[¶27.] As to the meritorious defense, "[w]e have held that a discrepancy in damages alone can give rise to 'a prima facie showing of a meritorious defense.'" *Upper Plains Contracting Inc.*, 2003 S.D. 3, ¶ 19, 656 N.W.2d at 329 (quoting *Meier v. McCord,* 2001 S.D. 103, ¶ 27, 632 N.W.2d 477, 484). These lawsuits center on breach of contract claims regarding construction of two grain storage facilities.

Bucklin and McCormick each assert that the other party is responsible for the breach and owes them a significant amount of money. Neither party had conducted discovery in either lawsuit at the time the default judgments were granted, and the amounts of damages are disputed. In granting the default judgments to McCormick, the trial court did not give appropriate consideration to Bucklin's defenses.

[¶28.]    Regarding the issue of prejudice, both Bucklin and McCormick were engaged in these lawsuits, litigating a variety of issues. At the time that the default judgment motions were granted, the lawsuits were a little over a year old. The parties had not begun discovery. After the default judgments were granted, the trial court ordered some limited discovery in connection with a hearing on damages. McCormick has not identified any prejudice it suffered resulting from Bucklin's delays in replying to the counterclaims.

[¶29.]    In addressing similar circumstances, we have stated that "[u]nder these circumstances 'cases should ordinarily be decided on their merits, and elementary fairness demands of courts a tolerant exercise of discretion in evaluating excusable neglect.'" *Id.* ¶ 22, 656 N.W.2d at 330 (quoting *Roso*, 1997 S.D. 82, ¶ 12, 566 N.W.2d at 141). Considering all of the facts in these lawsuits, Bucklin's defenses, and the lack of prejudice to McCormick, the need to decide these cases on their merits outweighs any impact on the sanctity of the final judgments. There are a number of issues that the trial court failed to review in this case. The trial court allowed McCormick to rest on its original answers to Bucklin's complaints, even though the claims in Bucklin's amended complaints were vastly

different. Also, the court failed to consider the ongoing nature of the litigation and the amounts of damages at issue. In addition, the trial court failed to consider that once Bucklin's counsel was notified of his failure to reply to the counterclaims, he responded quickly and also filed an affidavit and response to the motions for summary judgment. The trial court abused its discretion in granting the motions for default judgment against Bucklin on McCormick's counterclaims and denying Bucklin's motions for enlargement of time. Because we determined that the trial court abused its discretion in denying Bucklin's motions for enlargement of time and granting McCormick's motions for default judgment, we reverse and remand to the trial court.

[¶30.]     **(2) Whether genuine issues of material fact exist as to Bucklin's claims against McCormick.**

[¶31.]     When reviewing the grant of summary judgment, we consider the evidence in a light most favorable to the non-moving party. *Janis*, 2010 S.D. 27, ¶ 6, 780 N.W.2d at 500 (citing *Dykstra*, 2009 S.D. 38, ¶ 23, 766 N.W.2d at 496). "'Summary judgment is a drastic remedy, and should not be granted unless the moving party has established a right to a judgment with such clarity as to leave no room for controversy.'" *Berbos v. Krage*, 2008 S.D. 68, ¶ 15, 754 N.W.2d 432, 436 (quoting *Richards v. Lenz,* 539 N.W.2d 80, 83 (S.D. 1995)).

[¶32.]     The trial court granted summary judgment to McCormick on the claims of breach of contract in Bucklin's amended complaints. At the July 24 hearing, the trial court found:

> In his amended complaint, in order for the court to grant a
> motion for summary judgment, there must be a determination
> that there are no genuine issues of material fact. There's been

no evidence presented before the court at this point that there has been any breach on the part of McCormick in connection with the contracts that were entered into between McCormick and Bucklin such that Bucklin would be entitled to receive an award or judgment on its breach of contract claim. That there's also been no evidence as to any damages that Bucklin is alleging it suffered. That with no evidence having been presented, there can be no issue as to material facts and so the motion for summary judgment in favor of the defendant would be granted at this time as well.

At the September 19 hearing, the trial court found:

The summary judgment issue was simply a matter of there not being any material facts at dispute and although current counsel has certainly raised some issues, those issues were not raised at the appropriate time by the prior counsel at the time of the hearing on the motion for summary judgment. It simply did not appear to the court that there was any evidence to support the contentions made by the plaintiff on his claim and, therefore, the court did grant the summary judgment that was sought by the defendant. And the court at this time is not going to reconsider or vacate that summary judgment as much as it appears to the court there was an opportunity to litigate that issue at the time of the hearing and it was not adequately done by counsel for the plaintiff, that's—that's not something the court's going to back up and allow a second opportunity to do.

Notably, when the trial court granted the motions for summary judgment, the parties had not begun discovery. The record contains affidavits filed by McCormick and Bucklin to support their positions, with both parties disputing the amounts owed and making claims against the other party.

[¶33.]    Bucklin's affidavit stated that McCormick breached the contracts by defaulting and failing to make timely payments to Bucklin, by billing Bucklin for the installation of the conveyors in both buildings in violation of the contract, and by failing to pay Bucklin for change orders required by McCormick. Bucklin's affidavit included an itemized list of damages the company suffered as a result of

-14-

McCormick's breach of the contracts. McCormick's affidavits allege that Bucklin is responsible for faulty construction of the buildings and the breach of the contracts.

[¶34.] After reviewing the record, we find that the trial court erred when it determined that there were no genuine issues of material fact. Here, McCormick has not "'established a right to a judgment with such clarity as to leave no room for controversy.'" *Id.* (quoting *Richards,* 539 N.W.2d at 83). The trial court stated that it was granting the motions on the basis that Bucklin provided no evidence to support his claims. This was clearly an error. We reverse the trial court's grant of summary judgment to McCormick on Bucklin's claims of breach of contract and remand for trial.

## CONCLUSION

[¶35.] The trial court abused its discretion in granting the motions for default judgment against Bucklin on McCormick's counterclaims and failing to grant Bucklin's motions for enlargement of time. The trial court also erred in granting the motions for summary judgment to McCormick on Bucklin's claims of breach of contract. We reverse the grant of the default judgments and summary judgments and remand to the trial court for further proceedings.

[¶36.] GILBERTSON, Chief Justice, and KONENKAMP and ZINTER, Justices, and MACY, Circuit Court Judge, concur.

[¶37.] MACY, Circuit Court Judge, sitting for WILBUR, Justice, disqualified.