#28497, #28498, #28499, #28500-r-DG
**2018 S.D. 75**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

(#28497)

SOUTH DAKOTA PUBLIC ASSURANCE
ALLIANCE as subrogee for
PENNINGTON COUNTY, SOUTH DAKOTA,          Plaintiff and Appellant,

vs.

KEITH R. MCGUIRE,                          Defendant and Appellee.

----------------------------------------------------------------------------------------------------------

(#28498)

TRINITY BULLINGER,                         Plaintiff and Appellee,

vs.

KEITH R. MCGUIRE and                       Defendant and Appellee,
SOUTH DAKOTA PUBLIC
ASSURANCE ALLIANCE,                        Defendant and Appellant.

----------------------------------------------------------------------------------------------------------

(#28499)

TRINITY BULLINGER,                         Plaintiff and Appellant,

vs.

KEITH R. MCGUIRE and
SOUTH DAKOTA PUBLIC
ASSURANCE ALLIANCE,                        Defendants and Appellees.

* * * *

CONSIDERED ON BRIEFS
ON AUGUST 27, 2018
OPINION FILED **10/31/18**

----------------------------------------------------------------------------------------------------------------

(#28500)

BRANDAN LIPPERT,                                    Plaintiff and Appellant,

      vs.

KEITH R. MCGUIRE and
SOUTH DAKOTA PUBLIC
ASSURANCE ALLIANCE,                                Defendants and Appellees.


\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE MATTHEW M. BROWN
Judge

\* \* \* \*

<table>
<tr><td>J. CRISMAN PALMER<br>REBECCA L. MANN of<br>Gunderson, Palmer, Nelson<br>  & Ashmore, LLP<br>Rapid City, South Dakota</td><td>Attorneys for Appellant South<br>Dakota Public Assurance Alliance<br>(#28497, #28498).</td></tr>
<tr><td>RONALD R. KAPPELMAN of<br>Banks, Kappelman & Strommen,<br>  Prof. LLC<br>Rapid City, South Dakota</td><td>Attorneys for Appellee Keith R.<br>McGuire.</td></tr>
<tr><td>REXFORD A. HAGG of<br>Whiting, Hagg, Hagg, Dorsey<br>  & Hagg, LLP<br>Rapid City, South Dakota</td><td>Attorneys for Appellants Trinity<br>Bullinger (#28499) and Brandan<br>Lippert (#28500).</td></tr>
</table>

GILBERTSON, Chief Justice

[¶1.]     The South Dakota Public Assurance Alliance (SDPAA), Trinity Bullinger, and Brandan Lippert (Appellants) commenced separate actions against Keith McGuire by service of a summons without a complaint. No Appellant served a complaint upon McGuire within 20 days as required by statute, and McGuire moved to dismiss. Appellants then moved for an enlargement of time to serve their complaints. The circuit court denied Appellants' motions and dismissed their cases. Appellants' moved for relief from the court's order on the grounds of mistake. The court denied the motion. Appellants appealed, and their cases were consolidated by order of this Court. We reverse and remand.

### Facts and Procedural History

[¶2.]     On July 2, 2014, Lippert and Bullinger were passengers in a vehicle involved in an accident with another vehicle driven by McGuire. McGuire failed to stop at a stop sign, the two vehicles collided, and Lippert and Bullinger alleged injuries. The vehicle occupied by Lippert and Bullinger was owned by their employer, Pennington County, and insured by SDPAA. On July 8, 2014, McGuire pleaded guilty for failure to stop at the stop sign and paid a $120 fine.

[¶3.]     Bullinger negotiated a $94,000 settlement with McGuire's insurance company, State Farm Insurance. Bullinger then notified SDPAA that he intended to pursue Pennington County's underinsurance coverage through SDPAA. SDPAA paid Bullinger the $94,000 in order to preserve its right to pursue subrogation from McGuire. Lippert, represented by the same attorney as Bullinger, also engaged in settlement negotiations with State Farm.

[¶4.]    On June 14, 2017, Bullinger and Lippert sued McGuire and SDPAA to preserve the three-year statute of limitations on personal injury actions under SDCL 15-2-14.  The separate actions were commenced by service of a summons without a complaint pursuant to SDCL 15-6-4(b).  On June 27, 2017, SDPAA also commenced an action against McGuire by service of a summons without a complaint.  On June 30, 2017, all three Appellants were served a notice of appearance from McGuire's attorney.  The body of the notice contained a demand for a complaint.  Counsel for Lippert and Bullinger and counsel for SDPAA claimed they did not see that the notice contained a written demand for a complaint because the demand was not contained in the cover letter or the title of the notice.  Appellants therefore failed to forward their complaints to McGuire within 20 days of his demand as required by SDCL 15-6-4(b).

[¶5.]    On August 9, 2017, McGuire moved to dismiss the actions for insufficiency of process pursuant to SDCL 15-6-12(b)(3) and insufficiency of service of process under SDCL 15-6-12(b)(4).  Appellants resisted McGuire's motion and moved for an enlargement of time to serve their complaints under SDCL 15-6-6(b)(2).  They claimed that their failure to file timely complaints constituted excusable neglect under South Dakota law.  Appellants also claimed that McGuire would not be prejudiced if the motion for enlargement of time were granted and that dismissal of their cases would be an extreme remedy.  Bullinger and Lippert filed their complaints two days later on August 11, 2017.  SDPAA's complaint was filed on August 14, 2017.

[¶6.]     After a hearing on September 15, 2017, the circuit court released a letter decision denying Appellants' motions for enlargement of time and granting McGuire's motion to dismiss. Appellants then moved for relief from the court's order on the grounds of mistake pursuant to SDCL 15-6-60(b). Appellants claimed that the court failed to consider the interests of justice or lesser sanctions before dismissing their actions. Appellants noted that the court's dismissal, regardless of being made with or without prejudice, operated as a time bar to their actions because the three-year statute of limitations had expired at the time of dismissal. Following a hearing on November 3, 2017, the circuit court entered findings of fact and conclusions of law denying Appellants' motions for relief and again granting McGuire's motion to dismiss.

[¶7.]     Appellants' cases were consolidated on appeal by order of this Court because they all received identical notices of appearance from McGuire, all failed to see the demand for complaint within the notice, and all failed to serve a complaint upon McGuire within 20 days. Appellants also filed similar motions and had their claims dismissed by a single order of the circuit court. Appellants ask this Court to consider:

> 1.    Whether the circuit court abused its discretion in denying Appellants' motions for enlargement of time to serve a complaint.
>
> 2.    Whether the circuit court abused its discretion by dismissing Appellants' actions against McGuire.
>
> 3.    Whether the circuit court abused its discretion by not considering sanctions other than dismissal.

**Standard of Review**

[¶8.]    We review a grant or denial of a motion for enlargement of time under the abuse of discretion standard. *Donald Bucklin Constr. v. McCormick Constr. Co.*, 2013 S.D. 57, ¶ 16, 835 N.W.2d 862, 866 (quoting *Colton Lumber Co. v. Siemonsma*, 2002 S.D. 116, ¶ 7, 651 N.W.2d 871, 873). "An abuse of discretion refers to a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence." *Id.* (quoting *Baker v. Atkinson*, 2001 S.D. 49, ¶ 12, 625 N.W.2d 265, 270).

**Analysis and Decision**

> 1.    *Whether the circuit court abused its discretion in denying Appellants' motions for enlargement of time to serve a complaint.*

[¶9.]    McGuire moved to dismiss Appellants' actions for insufficiency of process and insufficiency of service of process under SDCL 15-6-12(b)[1] because Appellants failed to serve upon McGuire a complaint within 20 days of his demand as required by SDCL 15-6-4(b). SDCL 15-6-4(b) provides:

---

1.    SDCL 15-6-12(b) provides, in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
>
> . . .
>
> (3) Insufficiency of process;
>
> (4) Insufficiency of service of process[.]
>
> . . . .

> A copy of the complaint need not be served with the summons. In such case the summons must state where the complaint is or will be filed.
>
> If the complaint is not served with the summons and the defendant within thirty days after service of the summons, in any such case, causes notice of appearance to be given, in person or by attorney, and demands in writing a copy of the complaint specifying a place within the state where it may be served, a copy of the complaint must, within twenty days thereafter, be served accordingly. After such service of the complaint, the defendant has thirty days to answer or otherwise proceed against the complaint.
>
> In any of such cases where the same attorney appears for different parties, only one copy of a notice, complaint, answer, motion, or other paper in the action need be served upon him, unless otherwise specifically ordered by the court in any case.

All parties agree that Appellants failed to comply with SDCL 15-6-4(b). In recognition of this, Appellants moved for an enlargement of time to serve the complaint under SDCL 15-6-6(b)(2).[2] The circuit court then issued a one-page letter decision, finding that the plain language of SDCL 15-6-4(b) controlled the case. Because SDCL 15-6-4(b) required Appellants to serve their complaints within 20 days of McGuire's written demand and because Appellants failed to do so, the court denied the motion for enlargement and dismissed all three of Appellants' actions.

_____

2. SDCL 15-6-6(b)(2) provides:

> When by this chapter or by a notice given thereunder or by an order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion:
>
> . . .
>
> (2) Upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]

The court also held that Appellants' conduct was not "excusable neglect" under SDCL 15-6-6(b)(2) because the demand for the complaint was appropriately and timely noticed, because Appellants' attorneys failed to read McGuire's demand for a complaint, and because the complaints were not timely served to McGuire.

[¶10.]     Appellants argue that the circuit court abused its discretion by failing to consider the interests of justice before denying their motions for enlargement of time and dismissing their actions. McGuire argues that dismissal was the appropriate remedy. He asserts that because Appellants chose SDCL 15-6-4(b) as the method or manner in which to serve their complaints, they were strictly bound to follow that statute and serve their complaints within 20 days of McGuire's written demand.[3]

---

3.     McGuire also asserts that Appellants incorrectly served the complaints by mailing them to McGuire's home address and to McGuire's attorney, but not to the address specified by McGuire in the notices of appearance. He cites SDCL 15-6-6(b), which provides, in part:

> Whenever under this chapter service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court. . . . The provisions of § 15-6-5 shall not apply to the service of a summons or *other process* or of any paper to bring a party into contempt.

(Emphasis added.) McGuire appears to claim that the service of a complaint without a summons qualifies as "other process[es]" under the statute and that the provisions of SDCL 15-6-5 do not apply. He therefore argues that it was improper to serve the complaints by mailing a copy to McGuire and his attorney, and not to the address specified by McGuire in the notices of appearance. McGuire does not

(continued . . .)

[¶11.]     Appellants point to this Court's decision in *Mahoney v. Mahoney*, 430 N.W.2d 64 (S.D. 1988), to support the proposition that dismissal was not appropriate in this case. In *Mahoney*, we reversed the circuit court's decision to dismiss a third-party complaint. Part of our reasoning was based on the observation that "[w]hen further litigation on a claim will be time barred, a dismissal of the claim, even if it is without prejudice, is a severe sanction and should not be imposed absent some consideration of the interests of justice." *Id.* at 66 (citing *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554 (5th Cir. 1981)).

[¶12.]     The circuit court found that the plain language of SDCL 15-6-4(b) controlled the case and that the statute mandates dismissal. But the statute does not mention any sanctions or specifically require dismissal. The court's decision to dismiss was therefore a matter of discretion. *See Bucklin*, 2013 S.D. 57, ¶ 16, 835 N.W.2d at 866 (quoting *Colton Lumber*, 2002 S.D. 116, ¶ 7, 651 N.W.2d at 873).

[¶13.]     We find *Mahoney's* observation to be persuasive in analyzing the court's discretionary decision here. The dismissal in *Mahoney* was based on a different statute, but in both *Mahoney* and in this case, the court's dismissal time barred further litigation. Because of the time bar here, dismissal should not have been "imposed absent some consideration of the interests of justice." *Mahoney,* 430 N.W.2d at 66.

[¶14.]     Here, the court made no findings of fact as to the interests of justice or the effect dismissal would have on Appellants. Affidavits in the record by

---

(. . . continued)
          provide any authority or other argument in support of this assertion.
          Therefore, we do not address the issue.

Appellants' attorneys establish that Appellants' summonses were served upon McGuire to "toll the statute of limitations while the parties . . . continued to negotiate the claims of both [Bullinger] and [Lippert] arising out of the same accident." SDCL 15-2-14 provides that actions for personal injury "can be commenced only within three years after the cause of action shall have accrued[.]" In this case, the statute of limitations expired three years after the accident, or on July 2, 2017. The court's dismissal of Appellant's actions, made on September 25, 2017, in effect prevented Appellants from refiling their actions against McGuire, regardless of the fact that the dismissals were made without prejudice. Appellants were therefore unfairly prejudiced by the court's decision.

[¶15.] The court also rejected Appellants' argument that McGuire would *not* be prejudiced by denying the motion to dismiss. But the court failed to consider the actual *effect* denying the motion to dismiss would have on McGuire. Denial of the motion would simply require McGuire to proceed back into court. On the other hand, if the motions for enlargement of time were granted, the record does not indicate that McGuire would have been deprived of the opportunity to fully litigate and defend against any and all of Appellants' claims. Therefore, the court erred in rejecting Appellant's argument that McGuire would not be prejudiced if the actions were to proceed.

[¶16.] The circuit court also failed to adequately address the issue of excusable neglect. In its findings of fact, the circuit court found that "the failure of [Appellants'] attorneys to read the demand [for complaint] language in the Notice of Appearance letter was not 'excusable neglect' as defined by law." The court cited

our decision in *Bucklin* to support its finding.  *See* 2013 S.D. 57, ¶ 21, 835 N.W.2d at 867.  In *Bucklin*, we defined the term "excusable neglect" in SDCL 15-6-6(b), as being

> 'closely analogous to the excusable neglect which must be shown to set aside a default judgment or other final judgment under SDCL 15-6-55(c) and SDCL 15-6-60(b).'  'Excusable neglect must be neglect of a nature that would cause a reasonable, prudent person to act similarly under similar circumstances.'  'Excusable neglect has no fixed meaning and should be interpreted liberally to insure that cases are heard and tried on the merits.'

2013 S.D. 57, ¶ 21, 835 N.W.2d at 867 (citations omitted).  We also stated in *Bucklin* that when a motion for enlargement of time is filed, a circuit court must consider "whether there is prejudice to the party opposing the enlargement of time."  *Id.*

[¶17.]	In dismissing Appellants' motions for enlargement of time after the period to serve a complaint had expired, the court found that Appellants' neglect was not excusable.  Affidavits in the record by the attorneys for Bullinger and Lippert and the SDPAA establish that the attorneys received and recognized McGuire's notices of appearance, failed to see the written demand for a complaint, and failed to file complaints until after 20 days expired.  But the same affidavits also establish that Appellants' attorneys: (1) had never seen a notice of appearance which did not contain a written demand in the title; (2) filed complaints almost immediately after realizing the 20 days had expired; (3) were still negotiating settlements at the time McGuire filed a motion to dismiss; and (4) were not engaging in any dilatory tactics.  The attorneys readily admitted their mistakes in affidavits to the court and recognized that they had caused Appellants' actions to be

dismissed and therefore time barred by the statute of limitations. The fact that attorneys for both Bullinger and Lippert and the SDPAA separately failed to notice the written demand for a complaint shows that their neglect was of a nature that would cause a reasonable person to act similarly under the same circumstances. In addition, as determined above, there was no prejudice to McGuire, who opposed Appellants' motions for enlargement of time. The facts in the record support a finding that Appellants' attorney's neglect was excusable.

**Conclusion**

[¶18.] The circuit court made insufficient findings of fact regarding the interests of justice, prejudice to the parties, and excusable neglect. Evidence in the record shows that those considerations weigh in favor of Appellants. The court's decision to deny Appellants' motions for enlargement of time was therefore not justified by the evidence, and the court abused its discretion. We reverse and remand. Because we reverse and remand based on the court's decision to deny the motions for enlargement of time, we do not address Appellants' remaining claims.

[¶19.] ZINTER, KERN, JENSEN, and SALTER, Justices, concur.