SEVERSON, Justice.
[¶ 1.] A jury found Fred Zoss liable to Rebecca Hein and Goldie Burnham for breach of contract. It also found that Zoss breached his fiduciary duties to Margaret Zoss. On appeal, Zoss alleges that the circuit court erroneously excluded evidence. We reverse and remand for a new trial.
Background
[¶ 2.] In '2005, Margaret Zoss executed a power of attorney that appointed Fred Zoss, her son, as her attorney-in-fact. Beginning in 1993, Zoss lived with his mother, and he was her primary caretaker until her death in January 2013. Margaret held a life estate in several properties to which Rebecca Hein and Goldie Burnham, Margaret’s daughters, held remainder interests. Prior to Margaret’s death, Zoss had been leasing from Margaret the 'land in which Hein and Burnham held remainder interests. In January 2014, Hein and Burnham initiated this suit. They alleged that Zoss had breached his oral farmland lease by failing to pay rent (on the property in which they received their remainder interests) for the 2013 crop year.[1] Burn-ham, who was appointed personal representative of Margaret’s estate, also brought suit on behalf of Margaret’s estate (the Estate).[2] The Estate alleged that Zoss breached the fiduciary duties that he owed to Margaret by “exercising improper influence and self-dealing; causing Margaret to make substantial gifts (including farmland) to Fred; influencing Margaret into making business opportunities available to Fred; using his power of attorney in fact to lease life estate property from Margaret (rent free); conveying other personal property and financial assets into joint ownership; [and] outright converting Margaret’s assets to his own use.”[3]
[¶ 3.] The Estate moved for summary judgment on its breach of fiduciary duty claim. The circuit court granted part of its motion and determined that “from and after October 25, 2005,” when Margaret executed the power of attorney, a fiduciary duty existed between Margaret and Zoss. *65 However, the- court determined that whether Fred actually breached those duties owed to Margaret was a question of fact for the jury.
[¶ 4.] Prior to trial, Plaintiffs also sought an order in limine to exclude extrinsic evidence of Margaret’s intent with regards to the power of attorney. The court granted the motion and prohibited any party from “introduc[ing] extrinsic evidence regarding Margaret L. Zoss’ intent to allow Fred Zoss to self-deal or make gifts of Margaret’s property to himself.” The order also provided:
Since Margaret Zoss’ written power of attorney does not,, in clear and unmistakable language, authorize her attorney-in-fact (Fred Zoss) to make gifts to himself, and likewise does not expressly authorize self-dealing by Fred, this [cjourt prohibits the introduction of any/ all extrinsic evidence suggesting that such gifting and .self-dealing were authorized by Margaret Zoss. Such excluded evidence would include any (claimed) statements made by Margaret Zoss (deceased) regarding her intent to allow Fred Zoss to self deal or effectuate gifts to himself. Such excluded evidence would also include any claims that Margaret wanted Fred to make gifts to himself or to self-deal.
[¶ 5.] A jury trial was held on May 20-21, 2015. At trial, the jury heard evidence that Zoss leased land in which Margaret held a life estate interest without paying rent. It also heard evidence that Zoss and Margaret shared a joint banking account from which Zoss transferred Margaret’s funds to his own account. The jury returned a verdict in favor of Hein and Burnham on the breach of contract claim and awarded them $47,200. It also found in favor of the Estate on the breach of fiduciary duty claim. The jury awarded the Estate $188,415 in damages for breach of fiduciary duties and $87,500 in punitive damages.
[¶ 6.] Zoss moved the circuit court for a new trial, alleging that the court erroneously excluded evidence that would have demonstrated that Margaret never charged her children rent for farming her land and that she set up the joint banking account with Zoss so that he could handle her living expenses. The court denied his motion, and Zoss appeals to this Court.
Standard of Review
[¶ 7.] “The denial of a motion for a new trial is reviewed for an abuse of discretion.” Lenards v. DeBoer, 2015 S.D. 49, ¶ 10, 865 N.W.2d 867, 870. "Evidentia-ry rulings made by the trial court are presumed correct and are reviewed under an abuse of discretion standard.” In re Estate of Duebendorfer, 2006 S.D. 79, ¶ 16, 721 N.W.2d 438, 443 (quoting Veeder v. Kennedy, 1999 S.D. 23, ¶ 41, 589 N.W.2d 610, 619). “An evidentiary ruling will not be overturned unless error is demonstrated and shown to be prejudicial' error. Error is prejudicial when, in all probability it produced some effect upon the final result and affected rights of the party assigning it.” Behrens v. Wedmore, 2005 S.D. 79, ¶ 63, 698 N.W.2d 555, 579 (internal quotation marks omitted) (quoting Novak v. McEldowney, 2002 S.D. 162, ¶ 7, 655 N.W.2d 909, 912).
Analysis
[¶ 8.] It is undisputed that Zoss was a fiduciary to Margaret. “[I]n South Dakota, as a matter of law, a'fiduciary relationship exists whenever a power of attorney is created.” Estate of Duebendorfer, 2006 S.D. 79, ¶ 26, 721 N.W.2d at 445. “A fiduciary is defined as ‘a person who is required to act for the benefit of another person on all matters within the scope of their relationship.’ ” Dykstra v. Page Holding Co., 2009 S.D. 38, ¶ 27, 766 *66 N.W.2d 491, 497 (quoting Black’s Law Dictionary (8th ed.2004)). “A fiduciary must act with utmost good faith and avoid any act of self-dealing that places [his] personal interest in conflict with [his] obligations to the beneficiaries.” In re Estate of Stevenson, 2000 S.D. 24, ¶ 9, 605 N.W.2d 818, 821. (quoting Am. State Bank v. Adkins, 458 N.W.2d 807, 811 (S.D.1990)). “Thus, if the power to self-deal is not specifically articulated in the power of attorney, that power does not exist.” Bienash v. Moller, 2006 S.D. 78, ¶ 14, 721 N.W.2d 431, 435.
[¶9.] Zoss does not contend that the power of attorney contained “clear and unmistakable language” authorizing him to self-deal. See id. ¶ 27, 721 N.W.2d, at 437. Rather, he maintains that the court’s order in limine too broadly prohibited him from introducing otherwise admissible evidence. In his first claim of evidentiary error, Zoss argues that the lower court “misinterpreted Bienash and stretched its limited holding beyond recognition to forbid the introduction of any evidence of Margaret Zoss’s intent and longstanding practice of allowing and encouraging Fred and her other sons to farm the Zoss family land without paying rent.”
[¶ 10.] We have adopted a “bright-line rule” that an attorney-in-fact cannot present oral extrinsic evidence that a power of attorney gave the attorney-in-fact the power to self-deal when the power of attorney does not explicitly provide such. Bienash, 2006 S.D. 78, ¶ 24, 721 N.W.2d at 437. In Bienash, because the writing offered to show intent of self-dealing was inadequate, we left “for another day the issue of whether extrinsic evidence in the form of a writing should be admitted to raise a factual issue[.]” Id. The policy underlying the rule has been explained as follows:
When one considers the manifold opportunities and temptations for self-dealing that are opened up for persons holding general powers of attorney—of which outright transfers for less than value to the attorney-in-fact- [himself or] herself are the most obvious—the justification for such a flat rule is apparent. And its justification is made even more apparent when one considers the ease with which such a rule can be accommodated by principals and their draftsmen.
Bienash, 2006 S.D. 78, ¶ 21, 721 N.W.2d at 436 (alteration in original) (quoting Kunewa v. Joshua, 83 Hawai'i 65, 924 P.2d 559, 565 (Haw.Ct.App.1996)).
[¶ 11.] Although Zoss claims ■ that the court misinterpreted Bienash, we cannot say that the court abused its discretion by issuing the order in limine. Zoss concedes that “Fred was not permitted under Bien-ash to introduce oral extrinsic evidence that Margaret intended Fred to usé the power of attorney to make gifts to himself where the instrument does not' expressly grant that power.” And Zoss has not argued that the court excluded a relevant subsequent writing. Accordingly, the order appropriately excluded evidence that Margaret intended for Zoss to self-deal.
[¶ 12.] There is also no dispute that Zoss farmed Margaret’s land and that by doing so he was engaging in a transaction with himself. SDCL 55-4-13 prohibits conduct such as Zoss’s. It provides:
No trustee, unless expressly authorized by the trust instrument, shall directly or indirectly lease, buy or sell any property for the trust from or to itself.... Notwithstanding this provision or any statute to the contrary, a trustee may lease ... property from or to the trust he represents as trustee if specifically authorized to do so in ... the instrument creating the trustee relationship....
See also■ SDCL 59-3-11 (“An authority expressed, in . general terms, however broad, does not authorize an agent to do *67 any act which a trustee is forbidden to do by the law on trusts.”)- SDCL 55-2-2 additionally prohibits a fiduciary from “us[ing] .or dealing] with the trust property for his own profit or for any other purpose unconnected with the trust.” The Restatement (Third) of Trusts § 78 (Am. Law Inst.2007) also addresses the duty of loyalty as follows:
(1) Except as otherwise provided in the terms of the trust, a trustee has a duty to administer the trust solely in the interest of the beneficiaries, or solely in furtherance of its charitable purpose.
(2) Except in discrete circumstances, the trustee is strictly prohibited from engaging in transactions that involve self-dealing or that otherwise involve or create a conflict between the trustee’s fiduciary duties and personal interests.
(3) Whether acting in a fiduciary or personal capacity, a trustee has a duty in dealing with a beneficiary to deal fairly and to communicate to the beneficiary all material facts the trustee knows or should know in connection with the matter,
However, the Restatement further explains of “[p]re and post-trusteeship transactions”: '
The rules of this Section do not render voidable those transactions or agreements that were entered into or claims that were acquired by a person before being appointed trustee or contemplating appointment.... After becoming trustee, however, with a responsibility for protecting the trust estate .., the handling of even a preexisting claim of this type will involve conflicting interests, requiring at least disclosure to beneficiaries and that the trustee act in good faith and in the interest of the beneficiaries.
Restatement (Third) of Trusts § 78 cmt. h. Therefore, in this case there was a disputed factual question whether Zoss acted with utmost good faith and in Margaret’s interest when he continued to rent Margaret’s land -in the same manner as he had before he became her attorney-in-fact. Accordingly, the issue before this Court is whether, during trial, the court excluded otherwise admissible evidence that prejudiced Zoss because he was prevented from asserting that, even though he leased land to himself, he did not breach his fiduciary duty of loyalty to Margaret.
[¶ 13;] ' At the hearing on the motion in limine, counsel for Zoss explained that he wished to introduce evidence that, for many years prior to Margaret’s death and prior to her execution of the power of attorney, Zoss and his brothers farmed Margaret’s land without paying rent. Nonpayment of rent was not a practice unique to Zoss. He also planned to introduce evidence of Margaret’s relationship with Zoss and her other sons. At trial, Zoss attempted to explain that rather than paying rent in the form of money, he paid his mother “in the terms of hard work of [him] taking care of her[.]” This evidence was relevant to show whether Zoss acted with utmost good faith and for the benefit of Margaret, and its omission prejudiced Zo,ss. Therefore the court abused its discretion by excluding it.
[¶ 14.] Additionally, the court erroneously excluded evidence of the circumstances surrounding the creation of Margaret and Zoss’s joint account.' SDCL 29A-6-103(l) provides: “A joint account belongs, during the lifetime of all parties, to the parties in proportion- to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent.” Zoss asserts that he should have been allowed to introduce evidence to explain why he and Margaret established the .joint account. Zoss was not prevented from introducing *68 evidence to demonstrate that he used the money to pay Margaret’s expenses rather than for his own gain. Indeed, he testified that he transferred money from the joint account into his own account in order to pay her living expenses, and he introduced lists of his claimed expenses for Margaret from 2008 to 2012. However, by completely barring any evidence related to the establishment of the account, Zoss was prevented from introducing evidence that there was “a different intent” from that of the statutory designation. Accordingly, the court abused its discretion by excluding evidence from Zoss regarding the circumstances surrounding the opening of the account in 2004.
[¶ 15.] At oral argument, counsel for Zoss claimed that the court’s error tainted the entire case, which included the claims against Hein and Burnham. Zoss asks this Court to remand the case for a new trial against his sisters as well as the Estate. However, we affirm the jury’s verdict against Zoss on the claims by Hein and Burnham. He has not explained to this Court how the omission of evidence— that he did not pay rent either pre- or post-execution of the power of attorney or the circumstances surrounding the creation of the joint account—prejudiced him on those claims in light of the fact that it was undisputed that he paid rent to Margaret at the end of 2012 and then transferred the rent money from the joint account into his own account but was unable to account for expenditure of that sum at trial. Therefore, we affirm the jury’s verdict on the claims by Hein and Burnham.
[¶ 16.] Zoss’s last claim of error is that he should have been permitted to introduce Margaret’s will. Zoss made an offer of proof on the will, and the court noted, “well, Article'eight does say if any of my children should owe debts to me at the time of my death, I hereby forgive all such debts and any interest accrued thereon.” The court excluded the will because it determined that the will constituted an affirmative defense that was not pled, as required. See SDCL 15-6-8(c) (“In pleading to a preceding pleading, a party shall set forth affirmatively ... any other matter constituting an avoidance or affirmative defense.”).
[¶ 17.] This Court cannot say that the circuit court abused its discretion by excluding Margaret’s will.[4] If it applies, it very clearly falls within the scope of SDCL 15-6-8(c) as constituting an avoidance or affirmative defense.[5]
Conclusion
[¶ 18.] The circuit court did not abuse its discretion by issuing the order in li-mine. However, it erred when it prevented Zoss from introducing otherwise relevant evidence related to the circumstances surrounding the establishment of the joint account and of Margaret’s arrangement, both before and after she executed the power of attorney, of leasing her land to her family without charging rent. The court did not abuse its discretion by excluding Margaret’s will. We reverse and remand for a new trial on the claims by the Estate of Margaret Zoss.
*69 [¶ 19.] GILBERTSON, Chief Justice, and ZINTER, and WILBUR, Justices, concur.
[¶ 20.] KERN, Justice concurs in part and dissents in part.

.Margaret died in January 2013, but pursuant to SDCL 43-32-22.1, Zoss continued to lease Hein and Burnham’s land for the 2013 crop year. SDCL 43-32-22.1 provides in part: "In the case of farm tenants, occupying and cultivating agricultural land of forty acres or more, under an oral lease, the tenancy shall continue for the following crop year upon the same terms and conditions as the original lease unless written notice for termination is given by either party to the other by September first....”

. Throughout this opinion, Hein, Burnham, and the Estate are collectively referred to as Plaintiffs.

. The Estate also brought claims of undue influence and conversion. The jury was never instructed on those claims.

. The pleadings were never amended in this case to assert an affirmative defense. Even if, as the dissent determines, the will “provides context for Margaret’s intentions towards Zoss[,]” it is within the circuit court’s discretion to deny its introduction. Here, the circuit court’s decision does not constitute an abuse of discretion.

. We do not determine whether the will’s forgiveness clause, which according to the trial court, states that it forgives debts owed at the time of death, would apply under the circumstances of this case.