#29054-a-MES
**2020 S.D. 18**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

DENNIS SEDLACEK,                                    Plaintiff and Appellant,

    v.

PRUSSMAN CONTRACTING, INC.,                         Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
BROOKINGS COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE DAWN M. ELSHERE
Judge

\* \* \* \*

RENEE H. CHRISTENSEN of
Johnson & Christensen Law Office, P.C.
Sioux Falls, South Dakota

EDWIN E. EVANS of
Evans, Haigh & Hinton, LLP
Sioux Falls, South Dakota                           Attorneys for plaintiff and
    appellant.


MICHAEL L. LUCE
DANA VAN BEEK PALMER of
Lynn, Jackson, Shultz & Lebrun, P.C.
Sioux Falls, South Dakota                           Attorneys for defendant and
    appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
MARCH 17, 2020
OPINION FILED **04/01/20**

SALTER, Justice

[¶1.] Dennis Sedlacek sought damages for injuries allegedly sustained while repairing a crane owned by Prussman Contracting, Inc. A jury returned a general verdict in favor of Prussman. Sedlacek appeals, arguing the court abused its discretion when it admonished the jury not to consider testimony regarding OSHA standards, denied a proposed jury instruction on OSHA standards, and denied Sedlacek's motion for a mistrial. We affirm.

## Background

[¶2.] On Friday, January 30, 2015, Dennis Sedlacek was working for his employer, Titan Machinery, repairing a crane at Prussman Contracting's facility in Brookings. Two Prussman employees, Vernon "Russ" Leubner and Rick Schwartz, were assisting Sedlacek with the repair. Leubner was operating a forklift. Sedlacek was directing the repair and told Leubner to lower the forks, back up six feet, and put the forks on the ground. Sedlacek then turned his back to the forklift and moved to his right to pick up a remote control that operated the crane. Meanwhile, unknown to Sedlacek, Leubner drove the forklift forward again and raised the forks. When Sedlacek turned back to the left, he claims his neck struck one of the forks. Sedlacek testified that he reacted by yelling at Schwartz, who was standing nearby. However, both Leubner and Schwartz denied that Sedlacek was struck.

[¶3.] Sedlacek testified that he experienced pain in his neck and back. He reported the injury to his employer by telephone and continued working. After completing the repair, Sedlacek returned to Sioux Falls and was advised by his

supervisor to get evaluated at Sanford Health's occupational medicine clinic where he was diagnosed with contusions to his neck and trapezius muscles. Sedlacek returned to the clinic the following Monday because he experienced increasing lower back pain over the weekend. Despite several months of physical therapy and chiropractic treatments, Sedlacek's pain complaints remained unresolved. He was later diagnosed with a pinched nerve in his low back and underwent spine fusion surgery at the L5-S1 level, incurring over $250,000 in medical expenses and missing seven months of work.

[¶4.]     Sedlacek commenced this suit against Prussman in April 2016, alleging general negligence. Prussman denied liability and asserted contributory negligence and assumption of the risk as affirmative defenses. Sedlacek later amended his complaint to add claims that Prussman failed to train and supervise its employees.

[¶5.]     In response to Sedlacek's discovery requests, Prussman produced a certificate showing Leubner had completed the necessary training for workplace forklift operation and was certified as compliant with the Occupational Health and Safety Administration (OSHA) General Industry Standards on November 10, 2015—over ten months after Sedlacek's alleged injury. Both Sedlacek and Prussman listed Leubner's OSHA certification on their pretrial exhibit lists. However, Sedlacek had not alleged a violation of OSHA standards in either version of his complaint, and he did not propose jury instructions that used OSHA standards to define the standard of care for Leubner or Prussman.

[¶6.]    The case was tried by a jury on June 3-7, 2019.  During cross-examination, Leubner admitted that he had previously received training on OSHA standards for operating a forklift during his Job Corps training in 2001 and 2002.  However, Leubner acknowledged he was not certified when he started his employment with Prussman in 2011 or in 2015 when Sedlacek claims he was injured.  Leubner testified that at the time of the alleged incident he was not aware that OSHA regulations require recertification every three years.

[¶7.]    Over objections from Prussman's counsel, the circuit court allowed Sedlacek's counsel to question Leubner about specific OSHA standards.  The court also overruled Prussman's objections when Sedlacek's counsel asked Lyle Prussman, president of Prussman Contracting, about OSHA standards during cross-examination.

[¶8.]    On June 6—the fourth day of trial—Sedlacek submitted a brief and, for the first time, proposed two jury instructions regarding OSHA standards.  The first proposed jury instruction read as follows:

> Evidence has been introduced in this case on the subject of the Occupational Safety and Health Administration, OSHA, standards for safe operation of a forklift.  OSHA standards can be considered as evidence of the standard of care that Defendant was expected to meet.

[¶9.]    The second proposed instruction contained references to 29 U.S.C. § 654 and 29 C.F.R. §1910.178, the latter of which details OSHA's compliance standards and requirements for forklift training.[1]  Prussman objected to these

---

1.    In the argot of the OSHA regulations, forklifts are described as "powered industrial trucks."  29 C.F.R. § 1910.178.

additional proposed instructions due to their late submission, further arguing that OSHA standards were not relevant since Sedlacek had not alleged a violation of OSHA standards in his negligence claim and had not presented expert testimony that an OSHA violation had occurred.

[¶10.]     The court agreed and denied Sedlacek's proposed jury instructions, citing his failure to allege an OSHA violation in either his original or amended complaint, as well as his failure to raise a potential OSHA violation until trial. With regard to the testimony already admitted that related to OSHA standards and Prussman's potential violations, the court instructed the jury not to consider the testimony and referenced a preliminary instruction regarding the possibility that the jury might inadvertently hear improper evidence during the course of the trial.[2] The court, however, did allow Leubner's training certificate to remain as an exhibit for the jury to consider.

[¶11.]     Sedlacek moved for a mistrial based on the court's order to strike testimony regarding OSHA standards, arguing severe prejudice because "now the Court is going to tell the jury . . . they should ignore it all which confuses and leads the jury to believe that either we did something wrong or worse yet that OSHA doesn't apply . . . ." The circuit court denied the motion for a mistrial, determining Sedlacek had failed to establish his prejudice claim.

[¶12.]     The final jury instructions stated the principles of general negligence, including legal cause. Prussman disputed causation and argued there was

---

2.     The preliminary instruction stated generically that "[t]here may be times when you hear improper testimony, and I will tell you to disregard it because it is improper and must not be considered."

insufficient evidence that Sedlacek had, in fact, been injured. The instructions also allowed the jury to consider Prussman's affirmative defenses of contributory negligence and assumption of the risk, which Sedlacek does not challenge on appeal.

[¶13.]     The jury returned a general verdict for Prussman, utilizing a verdict form that simply stated:

> We, the jury, duly empaneled to try the issues in this case, find in favor of:
>
> _____     Plaintiff
>
> _____     Defendant
>
> Please place an "X" or "√" in one of the spaces provided.

[¶14.]     Sedlacek presents three issues for our review, which we restate as follows:

1. Whether the circuit court abused its discretion when it restricted evidence regarding Prussman's alleged OSHA violations.

2. Whether the circuit court abused its discretion when it denied Sedlacek's requested jury instructions regarding OSHA standards.

3. Whether the circuit court abused its discretion when it denied Sedlacek's motion for a mistrial.

[¶15.]     Prussman argues that we are unable to reach the merits of Sedlacek's claims because the general verdict prevents meaningful appellate review.

## Analysis

[¶16.]     A circuit court's "evidentiary rulings will not be overturned absent a clear abuse of discretion." *Weber v. Rains*, 2019 S.D. 53, ¶ 22, 933 N.W.2d 471, 477 (quoting *Veith v. O'Brien*, 2007 S.D. 88, ¶ 25, 739 N.W.2d 15, 23). We review a

circuit court's evidentiary rulings by utilizing "a two-step process." *Ruschenberg v. Eliason*, 2014 S.D. 42, ¶ 23, 850 N.W.2d 810, 817 (quoting *Supreme Pork, Inc. v. Master Blaster, Inc.*, 2009 S.D. 20, ¶ 59, 764 N.W.2d 474, 491). First, we "determine whether the trial court abused its discretion in making an evidentiary ruling." *Id.* (quoting *Supreme Pork*, 2009 S.D. 20, ¶ 59, 764 N.W.2d at 491). "[S]econd, we determine 'whether this error was a *prejudicial error* that in all probability affected the jury's conclusion.'" *Id.* (quoting *Supreme Pork,* 2009 S.D. 20, ¶ 59, 764 N.W.2d at 491). As we stated in our *Supreme Pork* decision, "evidentiary rulings are only reversible 'when error is demonstrated *and* shown to be prejudicial error. Error is prejudicial when, in all probability it produced some effect upon the final result and affected the rights of the party assigning it.'" 2009 S.D. 20, ¶ 59, 764 N.W.2d at 491 (internal citation omitted).

[¶17.] A circuit court's denial of proposed jury instructions is also reviewed under an abuse of discretion standard. *Vetter v. Cam Wal Elec. Coop., Inc.*, 2006 S.D. 21, ¶ 10, 711 N.W.2d 612, 615. In *Vetter*, we stated that:

> no court has discretion to give incorrect, misleading, conflicting or confusing instructions [and] to do so constitutes reversible error if it is shown not only that the instructions were erroneous, but also that they were prejudicial. Erroneous instructions are prejudicial . . . when in all probability they produced some effect upon the verdict and were harmful to the substantial rights of a party.

*Id.*

[¶18.] So too, we review a circuit court's denial of a motion for mistrial for abuse of discretion. *Behrens v. Wedmore*, 2005 S.D. 79, ¶ 67, 698 N.W.2d 555, 580.

"A denial of a mistrial will be affirmed 'absent an abuse of discretion resulting in clear prejudice.'" *Id.* (citation omitted).

[¶19.]        All three issues presented by Sedlacek allow significant deference to the circuit court and require a showing of prejudice to reverse the court's rulings. Establishing prejudice, even if the court abused its discretion, is difficult when a general verdict form is used for a case tried upon multiple theories, because "'this Court cannot conclusively determine whether the jury based its verdict on any number of defenses' or other theories offered by the parties to a case." *State Farm Mut. Auto. Ins. Co. v. Miranda*, 2019 S.D. 47, ¶ 10, 932 N.W.2d 570, 573-74 (quoting *Reede Constr., Inc. v. S.D. Dep't of Transp.*, 2017 S.D. 63, ¶ 14, 903 N.W.2d 740, 745)*; see also Knudson v. Hess*, 1996 S.D. 137, ¶ 16, 556 N.W.2d 73, 77-78 (explaining the limitations of appellate review when a general verdict form is used). Consequently, we have held that "if a general verdict is handed down and the jury could have decided the case on two theories, one proper and one improper, the reviewing court will assume that it was decided on the proper theory." *Miranda*, 2019 S.D. 47, ¶ 10, 932 N.W.2d at 574 (quoting *Reede*, 2017 S.D. 63, ¶ 14, 903 N.W.2d at 745).

[¶20.]        Here, Sedlacek urges us to determine the merits of his claims and argues that he was prejudiced by the court's rulings, which restricted his ability to argue Prussman violated OSHA standards. However, even if this restriction was outside the circuit court's range of permissible choices, Sedlacek cannot establish that the error produced the adverse verdict. This is particularly true here, where Sedlacek does not challenge the balance of the court's instructions on general

negligence, legal cause, and the defenses of contributory negligence and assumption of the risk.

[¶21.]       Given these instructions and the evidence, the jury could have determined Sedlacek simply did not prove the element of legal cause. Prussman introduced evidence that, if believed, posited Sedlacek was not injured in the incident on January 30, 2015. It is also possible that the jury determined Sedlacek had acted unreasonably by not watching where he was going and, in so doing, was contributorily negligent to a degree that was more than slight. *See* SDCL 20-9-2 ("[T]he fact that the plaintiff may have been guilty of contributory negligence does not bar a recovery when the contributory negligence of the plaintiff was slight in comparison with the negligence of the defendant . . ."). Finally, the court's instructions allowed the jury to determine that Sedlacek assumed the risk of being injured under Prussman's theory that he had significant experience working around forklifts.

[¶22.]       Without special interrogatories detailing the basis for the jury's determination of no liability,[3] we are unable to discern the reason for its verdict, which could have rested on multiple permissible bases. Under the circumstances, we cannot assess prejudice even if the court abused its discretion. We must therefore affirm without reaching the merits of Sedlacek's issues. *See Miranda*, 2019 S.D. 47, ¶ 15, 932 N.W.2d at 574 (affirming without reaching the merits when a general verdict was handed down); *Reede*, 2017 S.D. 63, ¶ 14, 903 N.W.2d at 745

---

3.    The court used the verdict form proposed by Sedlacek, and although it did not include special interrogatories on the theories of liability and Prussman's defenses, it did contain special interrogatories relating to damages.

(same); *Lenards v. DeBoer*, 2015 S.D. 49, ¶ 15, 865 N.W.2d 867, 871 (same); *Thomas v. Sully Cty.*, 2001 S.D. 73, ¶ 14, 629 N.W.2d 590, 594 (same).[4]

[¶23.]    GILBERTSON, Chief Justice, and KERN, JENSEN, and DEVANEY, Justices, concur.

---

4.    As these opinions illustrate, our decision here is not an outlier. Rather, it follows a clear and consistent body of decisional law that recognizes the practical limitations of assessing the prejudice of an asserted error where we simply cannot determine the reason for a jury's verdict among several bases, some permissible and some perhaps not.